978 F.2d 1262
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Reynaldo RODRIGUEZ, Defendant/Appellant.
 No. 92-2065.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.
Decided Oct. 27, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Reynaldo Rodriguez pleaded guilty to conspiring to distribute cocaine and was sentenced to 150 months imprisonment. 21 U.S.C. § 841(a)(1). His appointed counsel now seeks to withdraw, believing that an appeal would be frivolous[1]. See Anders v. California, 386 U.S. 738 (1967); Cir.Rule 51(a). We grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 A. The Guilty Plea
 
 2
 A defendant who pleads guilty waives numerous rights including the privilege against self incrimination, the right to a jury, and the ability to confront witnesses. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Because of the importance of this waiver, Rule 11 of the Federal Rules of Criminal Procedure "sets forth procedures to ensure that guilty pleas are knowingly and voluntarily given". United States v. Lumpkins, 845 F.2d 1444, 1448 (7th Cir.1988). As long as the court complies with the mandates of Rule 11, the guilty plea is presumed valid. Id. at 1448.
 
 
 3
 In Rodriguez's case, the court fully complied with Rule 11. It informed Rodriguez of the consequences of his plea, including the waiver of his constitutional rights. Fed.R.Crim.P. 11(c). It also ensured that the plea was voluntary by asking Rodriguez about his mental condition, his counsel's advice, and any potential threats. Fed.R.Crim.P. 11(d). Finally, the court inquired into the factual basis of Rodriguez's plea. Fed.R.Crim.P. 11(f).
 
 
 4
 Rodriguez preserved only one of these issues for appeal. At his plea hearing, Rodriguez disputed only the factual basis of the plea, claiming that he was unaware that he bought cocaine. Rodriguez allegedly knew that he bought a controlled substance, but thought the substance was marijuana. Even if his claim is true, however, the district court had an adequate basis for accepting Rodriguez's plea. Rodriguez is guilty of buying cocaine even if he believed that he bought another drug, as long as that drug was also a controlled substance. United States v. Herrero, 893 F.2d 1512 (7th Cir.), cert. denied, 496 U.S. 927 (1990).
 
 B. The Sentence
 
 5
 After pleading guilty, Rodriguez was sentenced to 150 months imprisonment, the sentence specified in his plea agreement. Although Rodriguez agreed to the sentence, he may still appeal if the sentence "was imposed in violation of the law" or "was imposed as a result of an incorrect application of the sentencing guidelines." See 18 U.S.C. § 3742(a)(1); 18 U.S.C. § 3742(a)(2); 18 U.S.C. § 3742(c) (limiting the bases for appeal after a plea bargain).
 
 
 6
 Rodriguez's sentence fully complied with the law and the Guidelines. Because he admitted to possessing six kilograms of cocaine, his base offense level is thirty-two. U.S.S.G. § 2D1.1. This level was reduced by two points for the acceptance of responsibility. The resulting base offense level, when considered along with Rodriguez's level III criminal history category, yields a sentencing range of 121-151 months. Because Rodriguez's sentence fell within this range, he cannot challenge the sentence on appeal. United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 7
 Finding no errors at sentencing or pleading, we GRANT counsel's motion to withdraw and DISMISS this appeal as frivolous.
 
 
 
 [1]
 After counsel filed his motion to withdraw, we informed Rodriguez of his right to respond to the motion. See Circuit Rule 51(a). Rodriguez never responded