993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Robert W. MCGRANE, Defendant/Appellant.
 No. 91-3185.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.
Decided May 11, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Robert W. McGrane pleaded guilty to one count of felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 228 months in prison. McGrane's court appointed counsel seeks to withdraw from this appeal, believing it to be without merit or possibility of success.[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). In his Anders brief, counsel identified the following three challenges to his sentence that McGrane could conceivably raise on appeal: 1) McGrane's prior convictions for burglaries were improperly considered as being violent felonies for purposes of enhancing his sentence; 2) McGrane should not have received an enhanced sentence pursuant to 18 U.S.C. § 924(e) because his predicate convictions involved sentences that were served concurrently; and 3) the district court arbitrarily imposed a sentence above the minimum mandated by the Sentencing Guidelines. We then directed counsel to supplement the record on appeal with a copy of the transcript of McGrane's guilty plea hearing, and to supplement his brief with a discussion of any potentially meritorious issues arising from that hearing. (Order of Feb. 25, 1993). Counsel has complied, and has renewed his motion to withdraw. We now grant counsel's motion to withdraw, and dismiss this appeal as frivolous.
 
 I. BACKGROUND
 
 2
 A federal grand jury returned a one-count indictment against Robert W. McGrane, charging him with knowingly possessing a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). According to the amended information filed by the United States Attorney, McGrane had previously pleaded guilty in Illinois state courts to eight burglaries, and had been sentenced to concurrent terms of imprisonment ranging from five to seven years for each offense. The eight burglaries were of unoccupied commercial buildings such as gas stations, bars, and restaurants, involving in each case different locations and different victims. At least five of the burglaries were committed on different dates. McGrane was unarmed when he committed the burglaries. Of the five to seven year concurrent terms of imprisonment to which McGrane was sentenced for these offenses, he actually served approximately three years in state prison.
 
 
 3
 McGrane entered into a written plea agreement and stipulation of facts on the present charge, pleading guilty to possessing and firing a revolver during a dispute outside a Peoria, Illinois tavern on January 1, 1991.[2] In exchange for McGrane's guilty plea, the government recommended that he receive a downward adjustment of his base offense level for acceptance of responsibility, and that he be sentenced at the low end of the applicable Sentencing Guidelines range. At McGrane's guilty plea hearing, it was determined that McGrane had undergone treatment for cocaine addiction in 1986. The district court thoroughly questioned both McGrane and his attorney to ascertain that McGrane was fully competent to understand the proceedings, and that he was not under the influence of any drug or alcohol, and then proceeded with the Rule 11 colloquy, accepted McGrane's guilty plea, and ordered a written presentence report.
 
 
 4
 At McGrane's sentencing hearing, the district court determined that because of McGrane's previous burglary convictions, McGrane must be sentenced under 18 U.S.C. § 924(e). Section 924(e) provides for enhancing the sentence of a defendant with three or more previous convictions for violent felonies. Applying U.S.S.G. §§ 4B1.4(a)-4B1.4(c), the court set McGrane's base offense level at 32, with a criminal history category of VI, resulting in a range of 210 to 262 months imprisonment and three to five years of supervised release.[3] After determining that McGrane had reviewed the presentence report with his attorney and had no further objections or mitigating evidence to present, the district court sentenced McGrane to 228 months in prison and five years of supervised release, as well as imposing special conditions for supervision.[4] McGrane filed a timely appeal. McGrane's appellate counsel, who was also his trial counsel, was discharged by this court, and attorney Steven J. Plotkin was appointed to represent McGrane on appeal.
 
 II. ANALYSIS
 
 5
 A. McGrane's guilty plea hearing.
 
 
 6
 The district court conducted a careful and thorough Rule 11 guilty plea colloquy. The district court determined that McGrane's guilty plea was knowingly, intelligently and voluntarily made, see Fed.R.Crim.P. 11(d); North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970); Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969), that McGrane understood that the charge to which he had agreed to plead guilty carried a mandatory minimum penalty of fifteen years imprisonment with no possibility of parole, and a maximum penalty of life imprisonment, and that he would not be permitted to change his plea should he be dissatisfied with his sentence at a later date. See Fed.R.Crim.P. 11(c)(1). Prior to pleading guilty, McGrane was made aware that he would face sentencing as an armed career criminal pursuant to 28 U.S.C. § 924(e). The record reflects that the district court also fully explained the effect of supervised release on McGrane's sentence. See Fed.R.Crim.P. 11(c)(1). The court went on to advise McGrane of the rights he would be giving up by pleading guilty, including the right to a trial by jury, during which the government would be required to prove every element of the offense beyond a reasonable doubt. See Fed.R.Crim.P. 11(c)(3)-(4). After further interrogation, the court found that McGrane's plea was factually based. See Fed.R.Crim.P. 11(f). Thus, we agree with counsel that there is no potentially meritorious issue for appeal arising out of McGrane's guilty plea hearing.
 
 
 7
 B. McGrane's sentence.
 
 
 8
 McGrane's first challenge to his sentence would be to argue that an unarmed burglary of an unoccupied commercial building is not a "violent felony" for purposes of applying the enhanced penalty provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e), because it does not present a "serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143 (1990), the Supreme Court rejected the argument that an unarmed burglary or a burglary of an unoccupied building was insufficient to invoke a § 924(e) enhancement because it presented little actual risk of physical injury to another. The Court concluded that for purposes of a § 924(e) enhancement, a burglary included any crime "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," id. at 599, 110 S.Ct. at 2158, even where it did not involve an armed defendant, or the use or threat of force against any person. See id. at 597, 110 S.Ct. at 2157-58; United States v. Gallman, 907 F.2d 639, 644-45 (7th Cir.1990), cert. denied, 111 S.Ct. 1110 (1991). Furthermore, the burglary of a commercial structure qualifies as a sentence-enhancing offense under the statute. See Gallman, 907 F.2d at 644-45 & 645 n. 7; United States v. Hope, 906 F.2d 254, 262 (7th Cir.1990) (citations omitted), cert. denied, 111 S.Ct. 1640 (1991). Because McGrane was convicted of crimes that correspond to "burglary" as defined by the Supreme Court in Taylor, it was proper for the district court to count his prior convictions for purposes of § 924(e) enhancement. McGrane's argument to the contrary is thus effectively foreclosed.
 
 
 9
 Next, McGrane would argue that he should not receive an enhanced sentence under § 924(e) because the sentences he received for the eight burglaries were served concurrently. By this reasoning, McGrane's previous convictions should be counted as a single conviction, precluding the district court from applying the statute. The number of predicate offenses is not, however, determined by the number of sentences imposed or by considering whether the sentences ran concurrently, but by counting the number of separate and distinct criminal episodes of which the defendant was convicted. See United States v. Schieman, 894 F.2d 909, 912-13 (7th Cir.), cert. denied, 498 U.S. 856 (1990). Where at least three predicate offenses were committed against different victims at different locations and on different dates, sentencing under § 924(e) is proper. See id. at 913. The information filed by the government and McGrane's presentence report show that on five different dates in 1986 McGrane committed at least eight burglaries, each involving different victims at different locations. Furthermore, there is nothing in the record that would lead us to believe that any of the burglaries may be regarded as continuations of a single offense. See id. The information and the presentence report are therefore sufficient to support the enhanced sentence imposed by the district court, and McGrane's argument to the contrary would be meritless.
 
 
 10
 Finally, McGrane would argue that the sentence he received is considerably above the minimum mandatory sentence available under the Sentencing Guidelines, and that because the government agreed with McGrane that he should be sentenced at the low end of the applicable range, the judge abused his discretion in imposing a relatively harsh sentence. Where a defendant has been sentenced under the Sentencing Guidelines, an appeal is available only if the sentence was imposed in violation of law or as a result of an incorrect application of the Guidelines, or if the district court departed upward from the applicable guideline range. 18 U.S.C. § 3742(a); Williams v. United States, 112 S.Ct. 1112, 1118 (1992). Once the applicable range has been properly determined, we are precluded from reviewing the district court's discretionary decision to impose a particular sentence within that range. United States v. Beal, 960 F.2d 629, 636 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992); United States v. Solis, 923 F.2d 548, 551-52 (7th Cir.1991); United States v. Braslawsky, 913 F.2d 466, 467 (7th Cir.1990). Since the trial court properly determined the applicable guideline range, and McGrane's sentence is within that range, we are without jurisdiction to review the court's decision not to impose a lower sentence. McGrane's argument to the contrary would thus be futile.
 
 CONCLUSION
 
 11
 Based upon our review of the record, we hold that there is no other basis upon which McGrane may challenge his conviction or his sentence. We therefore GRANT Attorney Plotkin's motion to withdraw from this appeal, and DISMISS the appeal as frivolous.
 
 
 
 [1]
 After counsel filed his motion to withdraw pursuant to Circuit Rule 51(a), we informed McGrane of his right to respond. McGrane did not do so
 
 
 [2]
 McGrane was arrested by local police, and subsequently transferred to federal custody. McGrane initially pleaded not guilty, then entered into plea negotiations with the government and changed his plea
 
 
 [3]
 The court thus granted a downward adjustment of two levels in McGrane's base offense level for acceptance of responsibility, as the government had requested in the plea agreement
 
 
 [4]
 During his supervised release, McGrane would be required to participate in programs for drug and alcohol abuse, including testing, to notify his employer of his conviction and supervision status, to refrain from owning or possessing any firearm or other dangerous weapon, and to receive mental health counseling and treatment