998 F.2d 1017
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javail WINSTON, Defendant-Appellant.
 No. 92-2992.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 9, 1993.
Decided July 15, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Javail Winston pleaded guilty to one count of bank robbery under 18 U.S.C. § 2113(a), and was sentenced to 168 months' incarceration. His appointed counsel now seeks to withdraw on the ground that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967).[1] We grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Counsel raises the potential issue of the validity of the guilty plea. A defendant pleading guilty waives numerous rights, and thus the court must ensure that the guilty plea is knowingly and voluntarily given. United States v. Lumpkins, 845 F.2d 1444 (7th Cir.1988); Fed.R.Crim.P. 11. Here, the district court fully complied with Rule 11. It informed Winston of the consequences of his plea, including the waiver of his constitutional rights such as the privilege against self-incrimination, the right to a jury, and the right to confront witnesses. See Fed.R.Crim.P. 11(c). The district court also ensured that the plea was voluntary by asking Winston directly about his age, educational background, mental condition, his counsel's advice, and any potential threats. Fed.R.Crim.P. 11(d). The court also inquired into the factual basis of Winston's plea. Fed.R.Crim.P. 11(f).
 
 
 3
 Counsel also raises the potential issue of whether Winston was improperly sentenced as a career offender. After pleading guilty, Winston was sentenced to 168 months' imprisonment. We find that Winston's sentence fully complied with the law and the Guidelines. Winston qualified as a career offender since he was over 17 years old; bank robbery is a crime of violence; and Winston had a criminal history of two prior armed robbery convictions. Thus, the applicable sentencing range was 168 to 240 months' imprisonment. Winston's sentence was the minimum term possible, 168 months. As a result, he could not challenge the sentence on appeal. United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 4
 We have also examined the record in this case, and find no non-frivolous issues that could be raised on appeal. Accordingly, we GRANT counsel's motion to withdraw and we DISMISS the appeal as frivolous.
 
 
 
 [1]
 After counsel filed his motion to withdraw, we informed Winston of his right to respond to the motion. See Circuit Rule 51(a). Winston has not responded