28 F.3d 1217
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James WELCH, Defendant-Appellant.
 No. 93-2767.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 22, 1994.*
Decided July 7, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, District Judge.**
 
 ORDER
 
 2
 James Welch appeals from the sentence imposed by the district court after he pleaded guilty to one count of conspiracy to transport stolen grain in interstate commerce. 18 U.S.C. Sec. 371. The district court sentenced Welch to six months' imprisonment and three years' supervised release, the maximum sentence possible under the applicable sentencing guideline range and the supervised release range pursuant to 18 U.S.C. Sec. 3583(b)(2).
 
 
 3
 Welch's criminal record includes several convictions and numerous arrests during the period from 1957 to 1969. He contends that the district court erroneously relied on his criminal history to sentence him to the maximum term possible under the applicable guideline range. Although we find that the district court's reliance on Welch's prior convictions and arrests cannot be conclusively determined from the sentencing transcript, the allegation, even if true, does not provide a basis for relief. It is correct that none of his past criminal activity could be used to increase his Criminal History calculation under the Guidelines, see U.S.S.G. 4A1.2(e); however, it does not follow that his criminal history is completely irrelevant in determining an appropriate sentence. See U.S.S.G. Sec. 5H1.8, p.s.; United States v. Eibler, 991 F.2d 1350, 1355 (7th Cir.1993); United States v. Lopez, 974 F.2d 50, 53 (7th Cir.1992) ("fact that could not be used to exceed the range could nonetheless be used in selecting a sentence within the range"). Indeed, in determining the sentence, the district court "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. Sec. 1B1.4; see also 18 U.S.C. Sec. 3661.
 
 
 4
 Accordingly, because Welch's sentence was not imposed in violation of law or as a result of an incorrect application of the sentencing guidelines, 18 U.S.C. Sec. 3742, we DISMISS the appeal for lack of jurisdiction. Lopez, 974 F.2d at 53; United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 
 *
 With its appellate brief, Plaintiff-Appellee submitted a statement that oral argument would not be helpful in deciding this case. After preliminary examination of the briefs and that statement, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation