35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Abdulaziz H. CHARANIA, Defendant/Appellant.
 No. 93-3308.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 15, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, District Judge**.
 
 ORDER
 
 2
 Abdulaziz H. Charania pled guilty to the unauthorized transfer of food stamp coupons in violation of 7 U.S.C. Sec. 2024(b)(1). He was sentenced to four months of imprisonment, three years of supervised release, and ordered to pay restitution in the amount of $4,887.50. On appeal he challenges his term of imprisonment. We affirm.
 
 
 3
 Charania alleges that the district court did not consider the statutory alternative available under 7 U.S.C. Sec. 2024(b)(2), permitting the defendant to "perform work approved by the court for the purpose of providing restitution for losses incurred by the United States and the State agency as a result of the offense for which such individual was convicted." See 7 U.S.C. Sec. 2024(b)(2).[1] Generally, "[a]bsent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guidelines range." United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991); United States v. Franz, 886 F.2d 973, 978-82 (7th Cir.1989); see 18 U.S.C. Sec. 3742(a). Charania apparently asserts that the court committed an error of law, namely that it did not consider sentencing Charania to work with possibility of a suspended sentence.
 
 
 4
 There is no foundation in the record to support Charania's argument. The record relates that Charania's counsel at sentencing[2] reminded the court of the statutory section he cites here. Sentencing Transcript at 6. Additionally, appellate counsel included in the appendix to his brief a letter he sent to the court before sentencing in which he cited this statutory section and acknowledged that "a sentence of imprisonment in this case is not required, although either supervised release following imprisonment or probation could be imposed." Brief for Appellant at 42. The court itself referred to the letter from Charania's counsel. Record at 23. Finally, in adopting the presentence report, the district court concluded Charania's guideline range to be 0-6 months. Although the presentence report identified probation as a sentencing alternative, the court "selected a sentence near the upper middle of the sentencing guideline range, because the amount of loss is near the top of the Offense Level 8."[3]
 
 
 5
 In the face of counsel's arguments and letter to the district court, the claim that the district court did not consider withholding imprisonment is clearly without merit. We AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 This section provides that if the court permits the defendant to perform such work, "the court shall withhold the imposition of the sentence ... [and] [u]pon the successful completion of the assigned work the court may suspend such sentence." 7 U.S.C. Sec. 2024(b)(2)
 
 
 [2]
 Counsel also represents Charania on appeal
 
 
 [3]
 We note that 7 U.S.C. Sec. 2024(b)(2) provides an alternative to imprisonment the court may consider, and therefore the court was not obligated to sentence Charania to work release