41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Demetrius D. GOSS, Defendant/Appellant.
 No. 94-1382.
 
 , Seventh Circuit.
 Submitted Sept. 14, 1994.*
Decided Oct. 7, 1994.
 Before CUMMINGS, CUDAHY and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Demetrius D. Goss appeals the district court's decision to sentence him at the high end of the applicable Guidelines range. We dismiss for lack of jurisdiction.
 
 
 2
 Goss pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Under the Sentencing Guidelines, the district court determined a total offense level of 21 and a criminal history category of 6, yielding an imprisonment range of 77 to 96 months. Defendant raised no objection to these calculations. Transcript of Sentencing Hearing at 5. The court noted that Goss had committed prior violent crimes, had a long criminal history, and was a danger to society. Accordingly, the court sentenced Goss to 96 months in prison. Goss argues that use of the prior violent crimes as a reason to impose a sentence at the high end of the applicable range constitutes an abuse of discretion because these crimes were already incorporated into the guidelines calculations.
 
 
 3
 Review of a sentence imposed under the Sentencing Guidelines is limited to cases where the sentence is (1) in violation of the law, (2) a result of the incorrect application of the guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) plainly unreasonable and imposed for an offense for which there is no guideline. 18 U.S.C. Sec. 3742(a)(1)-(4). Thus, "[a]bsent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guidelines range." United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991). In this case, Goss' sentence does not meet any of the criteria for review.
 
 
 4
 There is no contention that the district court erred in its calculation of total offense level and criminal history. Goss' argument that consideration of his prior violent crimes in imposing a high-end sentence constitutes "impermissible double counting" is without merit. Double counting occurs when a sentencing court departs upwards from the range to enhance punishment for a crime already considered by the guidelines. See United States v. Fonner, 920 F.2d 1330, 1334 (7th Cir.1990). Because Goss' sentence was within the applicable range, he cannot challenge it on appeal. The appeal is therefore DISMISSED for want of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record