62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria DE LA LUZ MAGGI, Defendant-Appellant.
 No. 95-1559.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 4, 1995.*
Decided Aug. 7, 1995.
 
 Before LAY, Circuit Judge,** and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Our prior opinion in this case, reported at 44 F.3d 478 (1995), remanded for reconsideration on a single issue. We directed the district court "to determine whether Maggi completed all acts she and her co-conspirators thought necessary to launder the funds, or whether she was about to achieve this when the Government intervened." Id. at 485. A negative answer, we concluded, would require resentencing after a reduction of three offense levels, producing a modified Guideline range of 78-97 months. Id. at 484.
 
 
 2
 On remand the prosecutor conceded that a negative answer was compelled by the evidence, so the district court proceeded directly to resentencing. The court sentenced Maggi to 97 months' imprisonment, the top of the new range. Maggi now contends that this was a "vindictive" sentence, violating her rights under the due process clause of the fifth amendment, but the argument misconceives the Supreme Court's jurisprudence. A "vindictive" sentence is an increase in retaliation for the exercise of constitutionally protected rights. North Carolina v. Pearce, 395 U.S. 711, 725 (1969). The Supreme Court has never employed its "vindictiveness" approach unless the sentence was increased; and even an increase does not establish retaliation for the exercise of a protected right. E.g., Alabama v. Smith, 490 U.S. 794 (1989); Texas v. McCulloch, 475 U.S. 134 (1986). Maggi's sentence was not increased; it was reduced from 108 months to 97, so her appeal yielded a year of freedom. A disappointingly small reduction is not vindictive. Cf. United States v. Shue, 825 F.2d 1111 (7th Cir. 1987) (the Constitution permits a judge to increase sentences on some counts in order to maintain the original sentencing design, after an appellate decision affects one component of the sentencing package).
 
 
 3
 Undoubtedly the district judge believed that Maggi's crime justifies a 108-month sentence. Under the prosecutor's concession, the maximum sentence is 97 months. It does not violate the Guidelines, let alone the Constitution, to give a sentence within the range that comes as close as possible to the judge's idea about the proper sentence for the offense and offender. The Guidelines constrain but do not eliminate discretion. The district judge yielded to the minimum degree the Guidelines commanded. That was his prerogative. See United States v. Mancari, 914 F.2d 1014, 1018 (7th Cir. 1990).
 
 
 4
 Maggi also contends that the judge gave a sentence at the upper limit of the range because of unsupported beliefs about the disposition of the money. A judge's reasons for giving a sentence at a particular point in a range are generally reviewable only if the range exceeds 24 months. This range did not, and we lack authority to second guess the district judge's decision. United States v. Solis, 923 F.2d 548, 551 (7th Cir. 1991).
 
 
 5
 p AFFIRMED
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). An order was issued under Circuit Rule 34(f); neither side requested oral argument. The panel heard oral argument on the initial appeal and is unanimously of the view that a second argument is unnecessary
 
 
 **
 Of the Eighth Circuit, sitting by designation