66 F.3d 328
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chong Won TAI, Defendant-Appellant.
 No. 95-1881.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 12, 1995.
Decided Sept. 15, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Chong Won Tai was charged with three counts of collection of loans by extortionate means in violation of 18 U.S.C. Sec. 894. Tai was acquitted of Count I and convicted of Counts II and III. With a criminal history category of I, and a total offense level of 33, Tai's initial guidelines range was 135-168 months' imprisonment. However, the district court decided to depart upward by increasing Tai's criminal history category to III. With an applicable guidelines range of 168 to 210 months, Tai was sentenced to a 204-month term of imprisonment to be followed by a five-year term of supervised release. Tai's counsel filed a timely notice of appeal raising four claims: (1) the district court erred in admitting evidence of actions extrinsic to Tai's crime; (2) the district court erred by allowing the government to present two guns to the jury during closing argument which had not been established as relevant; (3) the district court erred by imposing a four-point increase under U.S.S.G. Sec. 3B1.1(a) because the district court failed to articulate the factual basis for the increase; and (4) the district court failed to provide support for its upward departure from the guidelines. In United States v. Chong Won Tai, 994 F.2d 1204 (7th Cir.1993), this court affirmed Tai's conviction and remanded for resentencing. Regarding counsel's first two claims, we found that any error on the part of the district court was harmless. However, since there was no factual basis for the increase under Sec. 3B1.1(a) or its upward departure, we vacated the sentence imposed by the district court and remanded the case for resentencing.
 
 
 2
 Tai was resentenced and the district court again imposed a four-point increase under Sec. 3B1.1(a) and departed upward from the applicable guidelines range by increasing Tai's criminal history category by two levels. This time, however, the district court imposed a sentence of only 186 months' imprisonment (18 months less than the original sentence). A second appeal was filed by counsel for Tai arguing that (1) the four-point increase under Sec. 3B1.1(a) was improper because the criminal activity involved only three participants and it was not otherwise extensive; and (2) the district court erred in calculating the extent of the upward departure because it did not pick the appropriate guidelines provision for calculating the upward departure. In United States v. Chong Won Tai, 41 F.3d 1170 (7th Cir.1994), we found the district court's upward departure to be appropriate. However, we agreed with Tai that the four-point enhancement under Sec. 3B1.1(a) was in error. Accordingly, we vacated that aspect of the district court's sentence and remanded to the district court to determine whether a two-point increase for Tai's leadership role was warranted under Sec. 3B1.1(c).
 
 
 3
 On remand, the district court found that Tai had acted as an organizer and leader of the extortion scheme and that a two-level increase was appropriate under Sec. 3B1.1(c). With a criminal history category of III and total offense level of 31, Tai's applicable guidelines range was 135-168 months' imprisonment. Tai was sentenced to a term of 150 months' imprisonment.
 
 
 4
 Tai's counsel filed a timely notice of appeal. Counsel also filed a motion to withdraw and an Anders brief in which they stated their belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), Tai was informed of his right to respond, which he did. We will grant the motion to withdraw only if we are convinced that the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)). Our independent review of the record reveals that there are no issues for appeal that can be considered non-frivolous.
 
 The Sec. 3B1.1(c) Enhancement
 
 5
 Appellate review of a sentence imposed under the guidelines is limited to cases where the sentence is (1) in violation of the law, (2) a result of the incorrect application of the guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) plainly unreasonable and imposed for an offense for which there is not guideline. 18 U.S.C. Sec. 3742(a)(1)-(4). Hence, "[a]bsent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guidelines range." United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 6
 In their Anders brief, counsel raise one potential issue for appellate review: whether the district court's two-point enhancement under Sec. 3B1.1(c) was proper. Pursuant to U.S.S.G. Sec. 3B1.1(c), a two-point enhancement is appropriate where the defendant is the organizer, leader or manager of a criminal activity. The district court's determination that Tai was a leader of the criminal activity is reviewed for clear error. See United States v. Skinner, 986 F.2d 1091, 1095 (7th Cir.1993). There is no clear error here. The evidence presented by the government convincingly established Tai's leadership role--it was Tai who decided whom to pressure for the repayment of loans, Tai recruited and directed individuals to pressure and attack those who owed money, and Tai retained all of the proceeds from the loans which were repaid. With a two-point increase for Tai's role as leader of the criminal activity, Tai's total offense level was 31 points. Based on a total offense level of 31 and a criminal history category of III, the guidelines range for imprisonment was 135-168 months. Since Tai's sentence of 150 months' imprisonment was within his applicable guidelines range, Tai has no grounds to attack his sentence.
 
 
 7
 In his response to Counsel's motion to withdraw, however, Tai raises two issues: one questioning the credibility of the victim's trial testimony and another challenging a factual finding made at sentencing. Both claims would be frivolous. Tai's conviction has already been upheld by this court, Chong Won Tai, 994 F.2d 1204. Moreover, except for the limited remand ordered in Tai's second appeal, Chong Won Tai, 41 F.3d 1170, Tai's sentence has likewise been previously affirmed on appeal. Hence, the only possible claim that Tai could raise in the instant appeal would be a challenge to the district court's determinations on remand; i.e., its two-point enhancement of Tai's offense level under Sec. 3B1.1(c). As we have already stated, the district court's enhancement was proper.
 
 
 8
 Since an appeal at this stage of the case would be groundless, counsel's motion to withdraw is GRANTED and Tai's appeal is DISMISSED.