99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donnie WILSON, a/k/a Pat, Defendant-Appellant.
 No. 95-3503.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 29, 1996.
Decided Oct. 15, 1996.
 
 Before COFFEY, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 A jury found Donnie Wilson guilty of conspiracy to distribute and possession with intent to distribute cocaine, a violation of 21 U.S.C. § 846, and distribution of cocaine, a violation of 21 U.S.C. § 841(a)(1). On October 6, 1995, the district court sentenced Wilson to 18 months in prison, the top end of the applicable sentencing guideline range. Wilson's appointed counsel filed a notice of appeal but subsequently moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967) (requiring that appointed counsel who determines that appellate case is wholly frivolous must request to withdraw from case with a no-merit brief referring to anything in the record that might arguably suggest an appeal). Wilson's counsel argues that the case presents no non-frivolous appellate issues. Pursuant to Circuit Rule 51(a), Wilson was notified of his attorney's request to withdraw on the grounds that any appeal would be frivolous. The notice also advised Wilson that if he believed there were issues that should be appealed he had 30 days to so notify the court. Wilson never responded. The lack of response would justify dismissal of the appeal under Circuit Rule 51(c) ("Dismissal if No Response. If no response to a notice under paragraph (a) or (b) of this rule is received within 30 days after the mailing, the appeal may be dismissed."). Nevertheless, to ensure Wilson's interests are protected, we review counsel's no-merit brief and the case record. We will grant counsel's motion to withdraw and dismiss the appeal if there are no non-frivolous issues meriting appellate review. See United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994).
 
 
 2
 Donnie Wilson was one of ten codefendants charged under a 12 count indictment with conspiracy and cocaine distribution offenses. The defendants were charged with engaging in a drug distribution conspiracy in Marion and Clinton Counties in Illinois during the 19 months between May 22, 1993 and December 21, 1994. A jury found Wilson guilty of one count of conspiracy and the one substantive count of distributing cocaine with which he had been charged. Following a sentencing hearing, the court calculated an offense level of 12 and a criminal history category of II. Wilson was sentenced to the maximum guideline sentence of 18 months. Wilson instructed his attorney to appeal from the Court's judgment. Instead, his attorney filed the Anders brief before us, claiming any appeal lacks merit, and identifying two potential but meritless arguments, both relating to Wilson's sentencing computation under the guidelines.
 
 
 3
 At sentencing, two possible issues were raised, argued, and rejected. Wilson objected to the presentence report's finding that his criminal history category was II. This finding was based on a two-point increase to Wilson's criminal history calculation because during the conspiracy, Wilson was on probation. U.S.S.G. § 4A1.1(d). Wilson argued that the distribution conviction involved activity occurring in March 1994, prior to the September 1994 date he was placed on probation. But the computation was based on the conspiracy, not the substantive count. And the trial evidence indicated the conspiracy continued through December 20, 1994. The court's factual conclusion that Wilson committed the conspiracy offense while on probation therefore was not clearly erroneous. United States v. Granado, 72 F.3d 1287, 1290 (7th Cir.1995) (court of appeals will not disturb district court's factual findings supporting sentence unless clearly erroneous). The second potential sentencing issue also lacks merit: that the court abused its discretion by selecting a sentence at the high end of the Guideline range. The court, faced with a 12-18 month range, sentenced Wilson to 18 months. We have independently reviewed the probation office's sentencing computations and recommendation (adopted by the court) as well as the sentencing transcript and we find no error of law or misapplication of the Guidelines. Absent either, "this court lacks jurisdiction to review [a] sentence[ ] within the appropriate guideline range." United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 4
 Counsel's motion to withdraw is GRANTED and the appeal is dismissed as frivolous.