105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry L. BAILEY, Jr., Defendant-Appellant.
 No. 96-3135.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1996.
Decided Dec. 19, 1996.
 
 Before BAUER, FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Henry L. Bailey, Jr., was convicted on his plea of guilty to one count of passing counterfeit money in violation of 18 U.S.C. § 472. He was sentenced to two months imprisonment, two years supervised release, a $500 fine, $150 in restitution, and the mandatory $50 special assessment. He appealed.
 
 
 2
 On appeal, Bailey's attorney has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Bailey was notified of the filing of the Anders brief and given an opportunity to respond. See Circuit Rule 51(a). He has not done so, but we note that counsel consulted with Bailey and raised in the Anders brief the issues Bailey wishes to appeal. We will grant an Anders motion only if counsel has conscientiously examined the case and the potential issues on appeal are groundless in light of legal principles and rulings. United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994); United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 3
 The Anders brief raises three possible issues for appeal: the district court's refusal to sentence Bailey to home confinement instead of imprisonment; selective prosecution; and the unconstitutional conditions of Bailey's confinement. Each of these contentions is frivolous.
 
 
 4
 First, this court has no jurisdiction to review a sentence within the applicable guideline range, absent any error of law or misapplication of the guidelines. United States v. Kopshever, 6 F.3d 1218, 1221 (7th Cir.1993); United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991); 18 U.S.C. § 3742(a). Bailey did not object to his offense level of 7 or his criminal history category of II, and those calculations are not plainly erroneous. The resulting guideline sentencing range was between two and eight months, and the location of confinement (home or prison) was entirely within the district court's discretion. U.S.S.G. § 5C1.1(c). Bailey received two months imprisonment, at the low end of the Guidelines range. There is no indication that the district court made any error of law or misapplied the Guidelines when it chose to sentence Bailey to imprisonment rather than home confinement. Consequently, this court has no jurisdiction to hear Bailey's challenge to his sentence of imprisonment. Moreover, the other aspects of Bailey's sentence are well within the Guideline ranges, and thus they are also unappealable.
 
 
 5
 Regarding Bailey's selective prosecution claim, Bailey has not indicated any dissatisfaction with his guilty plea or any inclination to withdraw that plea. Consequently, he has waived "all non-jurisdictional defenses including those constitutional violations not logically inconsistent with the valid establishment of factual guilt," United States v. Nash, 29 F.3d 1195, 1201 (7th Cir.1994), including any potential claim of selective prosecution. Additionally, Bailey has not established the elements of selective prosecution, as the record fails to show that "similarly situated individuals of a different race were not prosecuted," much less that the prosecutorial policy was motivated by a discriminatory purpose. See United States v. Armstrong, 116 S.Ct. 1480, 1487 (1996).
 
 
 6
 Finally, issues regarding conditions of confinement are not properly before this court on direct appeal from a criminal conviction.
 
 
 7
 Our review of the record fails to indicate any basis for Bailey to appeal his plea or sentence. Accordingly, the motion to withdraw is GRANTED and the appeal is DISMISSED.