124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elmer B. PERKINS, Defendant-Appellant.
 No. 97-1637.
 United States Court of Appeals, Seventh Circuit.
 July 25, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 95-30065; Richard Mills, Judge.
 Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Elmer Perkins was convicted on his plea of guilty of possessing with intent to distribute 9.1 grams of crack cocaine, 21 U.S.C. § 841(a)(1), and sentenced to 108 months of imprisonment, 5 years of supervised release, $900 restitution and a $50 special assessment. He appeals.
 
 
 2
 On appeal, counsel has requested leave to withdraw and has filed an Anders brief stating there are no non-frivolous issues to appeal. Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51(a), Perkins was notified of his counsel's actions and given an opportunity to respond. He has not responded to the court, but counsel indicates in his brief that Perkins informed him of an issue he wants to raise on appeal. Having reviewed the record and concluded that the possible issues for appeal are "groundless in light of legal principles and decisions," United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)), we grant the motion to withdraw and dismiss the appeal. Perkins has requested neither the district court nor this court to allow him to withdraw his guilty plea. Therefore, we need not review the plea hearing for compliance with Federal Rule of Criminal Procedure 11.
 
 
 3
 Perkins contests the factual basis for the plea, contending that there was insufficient evidence that he possessed the cocaine with intent to distribute it. Both the parties and the court agreed that the elements of the offense were that Perkins knowingly or intentionally possessed a controlled substance; that he possessed it with intent to distribute it; and that he knew that it was a controlled substance. 21 U.S.C. § 841(a)(1); United States v. Stribling, 94 F.3d 321, 324 (7th Cir.1996). The government offered to prove the following at trial:
 
 
 4
 That on February 5th, 1994, the Defendant was stopped by an Illinois State Police Trooper, Trooper Oiler, on a traffic stop near 17th and Edwards in Springfield.
 
 
 5
 The Defendant--after the car stopped, the Defendant got out of the car and ran up on a porch at 1703 East Edwards and threw 9.1 grams of crack cocaine on the porch. He was arrested. We would present evidence that crack cocaine is a Schedule II controlled substance, and also that 9.1 grams of crack cocaine is a distribution amount of crack cocaine.
 
 
 6
 (12/5/96 Tr. at 18-19.) Perkins acknowledged the accuracy of these facts and admitted that he was guilty of the offense. Evidence is sufficient for conviction if any rational factfinder could have found the essential elements of the offense to have been established beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The government's evidence would have established each of the elements and Perkins admitted the accuracy of its representations, so contesting this issue on appeal would be frivolous.
 
 
 7
 At sentencing, the court complied with Federal Rule of Criminal Procedure 32 and confirmed that Perkins had an opportunity to read the presentence report, that he had discussed it with his attorney, and that he did not wish to make any corrections. United States v. Rone, 743 F.2d 1169, 1174 (7th Cir.1984). The court then addressed the single objection submitted previously by Perkins' attorney, that Perkins had not received the additional § 3E 1.1(b) one-level decrease for accepting responsibility in a timely manner, accepted Perkins's argument, and awarded hin the additional point. Consequently, Perkins was placed at Offense Level 23 and Criminal History Category VI, yielding an imprisonment range between 92 and 115 months, and was sentenced to 108 months' imprisonment. We find no error in these calculations,[1] and we have no jurisdiction to review the district court's discretionary decision where to sentence within a given range. See United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991) ("Absent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guidelines range."). Thus, appealing sentencing issues would be frivolous.
 
 
 8
 Finally, counsel raises a potential ineffective assistance of counsel argument. Perkins had been charged with mere possession as well as possession with intent to distribute, and when counsel discussed with Perkins possible penalties counsel erred and underrepresented the maximum punishment for being found guilty of possession. 'When counsel realized that he had misread the Guidelines, Perkins decided to plead guilty to possession with intent to distribute. Although the presentence report did not credit Perkins with a timely guilty plea because he did not enter his plea until the day before trial, the district court declined to penalize Perkins for counsel's mistake and awarded the additional one-level reduction. As a result, counsel's conduct had no effect on Perkins's sentence, and any ineffective assistance claim based on this conduct would fail the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 9
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 Perkins was credited with 18.1 grams of crack (the 9.1 grams involved in this case and another 9 grams from a previous sale). Even if it were error to conclude the additional 9 grams could be counted as part of the same course of conduct and thus attributable to Perkins at sentencing, however, Perkins's base offense level would still be 26. U.S.S.G. § 2D1.1(c)(7)