53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Willie DRINKWATER, Defendant-Appellant.
 No. 94-2512.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1995.
Decided April 27, 1995.
 
 Appeal from the United States District Court, for the Eastern District of Wisconsin, No. 93 CR 210; Thomas J. Curran, Judge.
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Defendant Willie Drinkwater pleaded guilty to two counts of bank robbery and one count of possession of a firearm during a crime of violence, and was sentenced to 170 months' imprisonment. Drinkwater's court-appointed counsel filed a notice of appeal, but now seeks to withdraw because he considers an appeal to be without merit or possibility of success. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). In his Anders brief, counsel asserts that the only challenges which Drinkwater could conceivably raise on appeal concern the adequacy of the plea hearing, the proper application of the Sentencing Guidelines, and this court's jurisdiction to review the district court's downward departure determination. Under Circuit Rule 51(a), we notified Drinkwater of his attorney's motion, but Drinkwater did not respond. Because we are satisfied that counsel engaged in a thorough search of the record and because we find that there are no nonfrivolous issues for appeal, we grant counsel's motion to withdraw, and dismiss the appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988); United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 BACKGROUND
 
 2
 In January 1994, Drinkwater entered into a written plea agreement in which he agreed to plead guilty to two counts of bank robbery, one while armed, in violation of 18 U.S.C. Secs. 2113(a), 2113(d), and 2, and to one count of possession with a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c). In exchange for Drinkwater's guilty plea, the Government agreed to recommend that he receive a three-level downward adjustment of his base offense level for acceptance of responsibility, and that he be sentenced at the low end of the applicable Sentencing Guidelines range. The Government also agreed to move for a downward departure from the Guideline range should Drinkwater provide substantial assistance in the investigation of others. The court subsequently conducted a Rule 11 colloquy, accepted Drinkwater's guilty plea, and ordered the preparation of a written presentence report.
 
 
 3
 On the day before Drinkwater's sentencing hearing in June 1994, the Government filed a motion for downward departure, requesting the court to reduce Drinkwater's total offense level of 31 by eleven levels in order to reflect Drinkwater's substantial assistance to authorities. At the sentencing hearing, the court declined to grant the Government's motion in light of the seriousness of the offenses. The court did consider Drinkwater's cooperation with authorities, however, and agreed to grant a six-level downward departure. The court sentenced Drinkwater to 110 months in prison on the two bank robbery counts and to an additional mandatory 60 months required by the Sec. 924(c) count. Drinkwater made no objections at the hearing to any aspect of the sentencing determination. One week later, Drinkwater filed this appeal.
 
 DISCUSSION
 
 4
 We will grant an Anders motion only when we are satisfied that counsel has conscientiously examined the case, United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994) (citing Anders, 386 U.S. at 744), and that the potential issues on appeal are groundless in light of legal principles and rulings. Id. (citing United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993)).
 
 I. Guilty Plea Hearing
 
 5
 Our independent review of the plea hearing transcript reveals that the district court followed the procedures outlined in Federal Rule of Criminal Procedure 11 to ensure that Drinkwater's guilty plea was knowingly and voluntarily given. The court determined that Drinkwater understood the nature of the charges brought against him, the factual basis for the plea, the maximum sentence which could be imposed, the recommended Guideline offense level, and the constitutional rights that he would waive by pleading guilty. Furthermore, Drinkwater denied that he was threatened or coerced into pleading guilty. He also stated that he understood "100 percent of this plea agreement" and that he was "quite happy with it." (Guilty Plea Tr. of 1/25/94, at 44.) There is no potentially meritorious issue for appeal arising out of Drinkwater's guilty plea hearing.
 
 II. Downward Departure
 
 6
 One of the potential issues raised by counsel in his Anders brief is whether this court has jurisdiction to review the district court's decision to order a downward departure less than that requested by the parties. It is well-settled, however, that we lack jurisdiction to review challenges contesting the extent of a downward departure from an otherwise appropriate sentence. United States v. Gomez, 24 F.3d 924, 927 (7th Cir.), cert. denied, 115 S.Ct. 280 (1994); United States v. Johnson, 997 F.2d 248, 252 (7th Cir.1993). Therefore, regardless of how beneficial Drinkwater believes his assistance was to the Government, we lack jurisdiction to review an appeal challenging the district court's discretionary determination concerning a downward departure. Johnson, 997 F.2d at 252. We hold that an appeal contesting the extent of the reduction for substantial assistance would be frivolous.
 
 III. Sentencing Issues
 A. Application of the Sentencing Guidelines
 
 7
 Another possible issue for appeal identified by counsel is whether Drinkwater's sentence was imposed in violation of the law or as the result of an incorrect application of the Sentencing Guidelines. See 18 U.S.C. Sec. 3742(a); Williams v. United States, 503 U.S. 193, 198-99 (1992). Our review shows that the Guidelines were correctly applied to Drinkwater's case. Drinkwater pleaded guilty to a felony that involved a crime of violence, after already having been convicted of at least two prior felonies involving a crime of violence. Drinkwater was classified as a career offender under U.S.S.G. Sec. 4B1.1, having an adjusted offense level of 34 points. Because Drinkwater demonstrated an acceptance of responsibility, he was entitled to a two-point reduction under Sec. 3E1.1. Drinkwater was further entitled under Sec. 3E1.1(b) to a one-point reduction for his timely plea. Thus, Drinkwater's combined offense level was calculated to be 31. We find no possible errors in these findings. Moreover, since the sentence imposed by the district court was at the low end of the applicable Guidelines range, we lack jurisdiction to review the court's decision not to impose a lower sentence. United States v. Beal, 960 F.2d 629, 636 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992).
 
 B. Sentencing Hearing
 
 8
 Finally, Drinkwater's sentencing does not raise an arguable basis for appeal. The transcript of the sentencing hearing shows that Drinkwater was given the procedural protections provided in Federal Rule of Criminal Procedure 32. Defense counsel received the presentence report before the hearing and was given an opportunity to comment upon the report. The court addressed Drinkwater personally and determined that he had the opportunity to read and discuss the report with his attorney. The court also informed Drinkwater of his right to appeal the sentence. We find no possible meritorious issue for appeal concerning Drinkwater's sentencing.
 
 CONCLUSION
 
 9
 Based upon our review of the record, we hold that there is no other basis upon which Drinkwater may challenge his conviction or his sentence. We therefore GRANT counsel's motion to withdraw from this appeal, and DISMISS the appeal as frivolous.