**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dale R. EGGEN, Defendant–Appellant.**

**No. 91–3843.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 9, 1992.

Decided Jan. 28, 1993.

U.S. Government Printing Office (1992).

John W. Vaudreuil, Asst. U.S. Atty., Madison, WI, for plaintiff-appellee.

Ralph A. Kalal, Kalal & Habermehl, Madison, WI, for defendant-appellant.

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

This is an appeal from an order revoking probation. The defendant's lawyer, believing the appeal frivolous for the reasons stated in his *"Anders"* brief (see *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); 7th Cir.R. 51(a)), asks leave to withdraw.

After pleading guilty to mail fraud in 1986, Dale Eggen was sentenced to prison for eight months, to be followed by four years of probation, one condition of which was that he make restitution to his victims of $38,034.80 at a minimum rate of $100 per month, conditional of course on his being able to pay. During the period of his probation Eggen received a lump-sum payment of $14,464.70 for social security benefits due him retroactively. He paid over the entire amount to his parents in repayment of loans that he had received from them. As a result, he had made restitution of only $2,730.37 by the time the district court revoked his probation and ordered him back to prison because he had failed to make a good faith effort to comply with a condition of his probation.

We do not understand the district judge to have found that Eggen did not have a bona fide debt to his parents, though the judge expressed some skepticism on this score; and the question of the priority that an obligation to make restitution should enjoy among a criminal defendant's debts has not, to our knowledge, been analyzed explicitly, although *United States v. Bennett,* 955 F.2d 23 (7th Cir. 1992), implicitly authorizes a district judge to treat the repayment of a loan from a close relative as a form of dissipation of assets when the defendant is under order to make restitution to the victims of his crime. We think it is for the sentencing judge to decide, within a wide latitude, whether a defendant's action in subordinating his restitutionary obligations to his other obligations bespeaks a failure to make a good faith effort to meet the conditions of probation; the issue is inescapably judgmental and particularistic. Certainly the judge did not exceed the bounds of permissible judgment in this case. Eggen made no attempt to show that his parents were in desperate need of immediate repayment of their loans to him. In putting his family's interests ahead of those of the victims of his crime, without exigent or so far as appears any necessity of doing so, he dem-

onstrated a desire to evade the condition that had enabled him to escape a long term of imprisonment.

■ It is true that social security benefits are not assignable, or subject to levy of execution. 42 U.S.C. § 407(a). But once they are paid over to the recipient, as here, he can use them to satisfy his preexisting obligations. *Ponath v. Hedrick*, 22 Wis.2d 382, 386–87, 126 N.W.2d 28, 30–31 (1964); *French v. Director*, 92 Mich.App. 701, 285 N.W.2d 427 (1979); *Russo v. Russo*, 1 Conn.App. 604, 608, 474 A.2d 473, 477 (1984); *Fraser v. Deppe*, 770 S.W.2d 479 (Mo.App.1989).

■ A more difficult question is whether, although Eggen's appeal plainly lacks merit, it can be pronounced frivolous. The relevance of the distinction lies in the fact that an *"Anders* brief is not a substitute for an advocate's brief on the merits," so that if the appellate court "concludes that there are nonfrivolous issues to be raised, it must appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief before deciding the merits." *McCoy v. Court of Appeals*, 486 U.S. 429, 444, 108 S.Ct. 1895, 1905, 100 L.Ed.2d 440 (1988). The point, already made in *Anders* itself, 386 U.S. at 744, 87 S.Ct. at 1400, was repeated even more emphatically in *Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S.Ct. 346, 351–352, 102 L.Ed.2d 300 (1988). Unless a criminal appeal is frivolous, the appellant has a constitutional right to the assistance of counsel. The filing of a brief in which the appellant's lawyer asks to be let out of the case because the appeal is frivolous can hardly be considered a discharge of the duty to provide the defendant with the assistance of counsel if the appeal is not frivolous.

■ We believe, however, that the appeal in this case *is* frivolous—not in the sense of silly or outrageous or laughable but in the sense, which is the proper one, of groundless in light of legal principles and decisions. *McCoy v. Court of Appeals*, *supra*, 486 U.S. at 436, 108 S.Ct. at 1901; *United States v. Edwards*, 777 F.2d 364, 365 (7th Cir.1985) (per curiam). We therefore need not decide whether *United States v. Upthegrove*, 974 F.2d 55 (7th Cir. 1992) (per curiam), where we recently affirmed a criminal conviction in a published opinion after denying an *Anders* motion and not appointing new counsel, complies with the principle (not mentioned in that opinion) that affirmance without appointment of counsel is proper in an *Anders* case only if the court is satisfied that the appeal is indeed frivolous.

Eggen did not raise the social security point in the district court. It is therefore waived unless the district judge's ruling on the point was plain error, which plainly it was not. As for the priority that Eggen gave his intrafamilial loans, although the precise priority to be accorded the debt created by an order of restitution raises an interesting general issue of some novelty, it is clear beyond doubt, and not only in light of the *Bennett* decision, that a district judge is entitled to revoke probation when a defendant without any attempt at justification gives preference to a family obligation over the obligation created by an order to make restitution to the victims of his crime.

Counsel's motion to withdraw is therefore granted, and the appeal is

DISMISSED.