2 F.3d 1153
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Charles D. ADCOCK, Defendant/Appellant.
 No. 92-2886.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1993.
Decided Aug. 18, 1993.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Charles Adcock is serving a 130-month sentence after pleading guilty to three separate crimes. His attorney claims that any appeal would be frivolous and seeks to withdraw from the case. We grant counsel's motion and dismiss the appeal as frivolous.
 
 A. BACKGROUND
 
 2
 On February 26, 1992, a grand jury returned an indictment charging Adcock with four federal offenses: two counts of bank robbery and two counts of using a firearm in relation to a crime of violence. Adcock pleaded guilty to two of the robbery counts and one of the firearms counts before Judge Hugh Dillin.
 
 
 3
 Judge Dillin did not participate in Adcock's sentencing for the three offenses. He was called away on an emergency the day of sentencing and asked his colleague, Judge Tinder, to fill in for him. At sentencing, Judge Tinder informed the parties that he had read the court file and Adcock's presentence investigation report (PSI). He then turned to Adcock's objections to the report. The judge accepted many of these objections, including Adcock's request for a two-point reduction from his offense level for the acceptance of responsibility. Judge Tinder, however, refused to depart downward for Adcock's age and infirmity. He sentenced Adcock to a seventy-month term for the robbery counts and a sixty-month term for the firearm count. The terms were to run consecutively, resulting in 130 months' imprisonment. This was the most lenient sentence possible under federal law.
 
 
 4
 After the sentencing hearing, Adcock filed a notice of appeal. Adcock's appellate attorney seeks to withdraw from the case. See Anders v. California, 386 U.S. 738 (1967).
 
 II. ANALYSIS
 
 5
 This court may deny Adcock the assistance of counsel on appeal if any appeal would be frivolous. Id.; United States v. Eggen, 984 F.2d 848 (7th Cir.1993). The appeal is frivolous if it is "groundless in light of legal principles and decisions." Id.
 
 
 6
 As counsel notes, Adcock has no meritorious basis for appealing his sentence[1]. Counsel raises three potential bases for appeal: the substitution of Judge Tinder for Judge Dillin, the refusal to depart downward for age and infirmity, and the decision to award a two-point (rather than a three-point) reduction for the acceptance of responsibility.
 
 
 7
 The use of a successor judge is authorized by Rule 25(d) of the Federal Rules of Criminal Procedure, which provides:
 
 
 8
 If by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if that judge is satisfied that a judge who did not preside at the trial cannot perform those duties or that it is appropriate for any other reason that judge may grant a new trial.
 
 
 9
 Judge Tinder and Judge Dillin properly followed this statute. When Judge Dillin realized that he would be absent from the sentencing hearing, he asked Judge Tinder to take his place. Judge Tinder appropriately ruled out a retrial because Adcock's case involved simple facts resolved in a guilty plea hearing. The Judge was able to acquaint himself with Adcock's case by reviewing the record before sentencing. United States v. Niemiec, 611 F.2d 1207, 1212 (7th Cir.1980).
 
 
 10
 Counsel also claims that Adcock requested a departure from the Guidelines for age and infirmity, but that the district court refused, finding that "the defendant's age and his physical condition ... does not impose any extraordinary physical impairment; nor does it fall within that category of age and infirmity that would indicate that there would be some equally efficient, less costly form of incarceration." This court lacks jurisdiction to review this basis of appeal. See United States v. Shetterly, 971 F.2d 67, 76 (7th Cir.1992). As we have stated many times, "[t]his court has no jurisdiction of an appeal of a sentence within the applicable Guideline range ... on the ground that the district court's refusal to depart was a misapplication of the Guidelines." Id.; United States v. Franz, 908 F.2d 973, 978-79 (7th Cir.1989).
 
 
 11
 Finally, we must reject Adcock's request for a three-point reduction to his offense level for the acceptance of responsibility. Adcock received a two-point reduction, which was the maximum permitted at the time of his sentencing. Although the Guidelines now allow three-point reductions for the acceptance of responsibility, we have no authority to apply the amended law retroactively, see United States v. Foutris, 966 F.2d 1158, 1160 (7th Cir.1992), or to revise Adcock's sentence to reflect the change in the law. See 1B1.10(a) & (d).
 
 
 12
 We accordingly GRANT counsel's motion to withdraw and DISMISS Adcock's appeal.
 
 
 
 [1]
 We discuss only potential challenges to Adcock's sentence because Adcock apparently does not wish to appeal his guilty pleas