42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan W. BROWN, Defendant-Appellant.
 No. 93-2670.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1994.*
Decided Dec. 1, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Alan W. Brown entered a plea of guilty to one count of attempt to possess with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court sentenced Brown to 30 months in prison and three years supervised release. On appeal, Brown's attorney filed a motion to withdraw, accompanied by a brief supporting her view that the appeal in this case would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985) (per curiam). We notified Brown of his attorney's motion and his right to file a response. Circuit Rule 51(a). No response was filed.
 
 
 2
 We will grant an Anders motion only when we are satisfied that counsel has diligently and thoroughly searched the record for any arguable claim, and correctly concludes that any appeal would be frivolous. United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993). At the plea hearing, the district court questioned Brown and concluded that Brown's guilty plea was made knowingly, intelligently, and voluntarily, with the assistance of counsel and with a full understanding of the nature of the charge against him and of the constitutional rights he would be waiving by pleading guilty. Fed.R.Crim.P. 11(c)(1), (3)-(5), (d). The district court also informed Brown that Brown could be sentenced to a maximum of five years imprisonment and a minimum of two years supervised release. Plea Hr'g Tr. at 14; Fed.R.Crim.P. 11(c)(1) (judge must explain the consequences of a plea of guilty).
 
 
 3
 The only objection raised at the sentencing hearing, and later in a letter from Brown to the district court, concerned the quantity of marijuana for which Brown was sentenced. Brown had confessed to possessing 25 kilograms of marijuana, but was sentenced for possessing 46.2 kilograms. Under Secs. 1B1.3(a)(2) and 3D1.2(d) of the Sentencing Guidelines, a district court may increase a defendant's base offense level to account for "relevant conduct," which includes drugs from any acts that were "part of the same course of conduct or common scheme or plan" as the convicted offense. United States v. Duarte, 950 F.2d 1255, 1263 (7th Cir.1991), cert. denied, 113 U.S. 174 (1992). The district court determines the quantity of drugs related to the convicted offense by a preponderance of the evidence. United States v. Hughes, 970 F.2d 227, 237 (7th Cir.1992). We accept a sentencing court's determination of the quantity of drugs absent clear error. Id.
 
 
 4
 Luther Joe Hall confessed to be a co-conspirator with Brown, and admitted to transport approximately 136 kilograms of marijuana, including the marijuana which Brown admitted to possess. Brown's plea agreement stated that government evidence would show that the weight of marijuana attributable to Brown was no more than 59 kilograms. Brown has produced no reason to doubt the accuracy of Hall's confession. See United States v. Coonce, 961 F.2d 1268, 1279-80 (7th Cir.1992) (defendant who challenges a factual allegation in the presentence report has the burden of producing some evidence beyond a naked or unsupported charge). Under these circumstances, it would be frivolous to argue that the district court erred in sentencing Brown for possessing 46.2 kilograms of marijuana.
 
 
 5
 We agree with counsel that there is no potentially meritorious issue for appeal concerning Brown's guilty plea hearing and sentence.
 
 
 6
 Attorney's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs