42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse C. LEVINE, Defendant-Appellant.
 No. 94-2016.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 21, 1994.
Decided Dec. 7, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Jesse Levine pled guilty to two counts of wire fraud under 18 U.S.C. Sec. 1343. The district court accepted the plea, sentenced Levine to eighteen months' imprisonment and five years of probation, and ordered Levine to pay $125,000 in restitution to his victims. Levine's counsel filed a notice of appeal followed by a motion to withdraw as counsel and an Anders brief in which he stated his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), Levine was informed of his right to respond, which he did. We will grant a motion to withdraw only if we are convinced that the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)).
 
 
 2
 Both Levine and his counsel raise various issues as potential grounds for appeal. Counsel raises the issue of whether the plea agreement was entered into knowingly and voluntarily. Levine did not move to withdraw his plea of guilty in the district court and the voluntariness of the plea was never an issue. Counsel identifies how each precept of Federal Rule of Criminal Procedure 11 was met in the guilty plea hearing. Having independently reviewed the transcript of the plea hearing, we agree and conclude that any challenge to the voluntariness of the guilty plea would be groundless and therefore frivolous.
 
 
 3
 Counsel also discusses Levine's sentence. Levine pled guilty to committing two counts of wire fraud on April 28, 1987 and April 30, 1987 respectively. These offenses occurred prior to the November 1, 1987 effective date of the Federal Sentencing Guidelines and as such Levine was sentenced under pre-Guidelines law. United States v. Stewart, 865 F.2d 115, 116 (7th Cir.1988). Levine was sentenced to eighteen months imprisonment which is well within the maximum sentence of ten years imprisonment under the statute, 18 U.S.C. Sec. 1343, and the terms of the plea agreement. A sentence that falls within the maximum term provided by Congress will only be set aside if the district court "relied upon improper considerations or unreliable information in exercising [its] discretion or failed to exercise any discretion at all in imposing the sentence." United States v. Harris, 761 F.2d 394, 403 (7th Cir.1985); United States v. Ford, 840 F.2d 460, 466 (7th Cir.1988). Based upon a review of the record, we agree with counsel that it would be frivolous to challenge Levine's sentence.
 
 
 4
 Levine argues that his prosecution violated the Double Jeopardy Clause of the Constitution because it subjected him to multiple punishments for the same offense. In 1989, in the Eastern District of Pennsylvania, Levine pled guilty to thirty-five counts of mail and wire fraud which were part of the same scheme to defraud investors but involved different victims.[1] The mere fact that Levine entered a guilty plea in 1989, however, does not place Levine's 1993 guilty plea in violation of the Double Jeopardy Clause. "[I]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). See also United States v. Walton, No. 93-2950, slip op. at 4 (7th Cir. Sept. 21, 1994); United States v. Brown, 870 F.2d 1354, 1358 (7th Cir.1989) ("Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked."). "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." United States v. Broce, 488 U.S. 563, 570 (1988). Levine's guilty plea foreclosed his opportunity to attack his prosecution on grounds of double jeopardy. S ee id. at 571 (respondents failure to challenge indictment and attempt to show the existence of only one conspiracy relinquished right to challenge guilty plea on grounds of double jeopardy).
 
 
 5
 Alternatively, Levine argues that he should receive no more in combined sentences than if both the Pennsylvania and Chicago charges had been combined in a single prosecution. Judge Shapiro of the Eastern District of Pennsylvania was made aware of the existence of the Chicago victims, who did not become known to the government until after the thirty-five count indictment, but declined to include the Chicago claims in her order of restitution.[2] Judge Holderman, in the case before us, was well aware of the Pennsylvania sentence. He remarked that he considered the sentence "highly lenient." (Sentencing Transcript, 4/19/94 at 20). Under the circumstances, we find no merit to Levine's argument that because Judge Shapiro knew of the Chicago victims punishment in the Northern District of Illinois should not have run beyond the term that she imposed. To the extent that Levine's argument is based upon the Sentencing Guidelines, we have already noted that the Guidelines do not apply to offense that occurred before November 1, 1987.
 
 
 6
 Levine also argues that the government breached the terms of the plea agreement by failing to offer any factors of mitigation on Levine's behalf. Under paragraph 11 of the plea agreement, the government was to fully apprise the district court and the United States Probation Office of "all matters in aggravation and mitigation relevant to the issue of sentencing." (Plea Agreement at 6-7). Levine does not point to any mitigating factors that the government should have brought to the court's attention but merely asserts that the government should have said something on his behalf. Absent any substantive assertions, it is impossible to discern if the government breached its agreement by failing to offer any mitigating factors or if no such factors existed. In addition, Levine had a full opportunity, both personally and through his counsel, to apprise the court of any mitigating factors relevant to his sentencing. (Sentencing Transcript, 4/19/94 at 6-11, 13-20).
 
 
 7
 Finally, Levine argues that the government's delay in brining charges against him deprived him of the possibility to mount a defense as a basis for mitigating the sentence, the ability to have included the Chicago victims in the restitution plan in Philadelphia, and the possibility of obtaining a concurrent sentence. To establish that a pre-indictment delay violated due process, Levine must prove that "the delay caused actual and substantial prejudice to his fair trial rights, and there must be a showing that the government delayed indictment to gain a tactical advantage or some other impermissible reason." United States v. Sowa, No. 93-3833, slip op. at 4 (7th Cir. Aug. 30, 1994) (citing United States v. Marion, 404 U.S. 307, 325 (1971)). Allegations of actual prejudice must be specific and supported by concrete evidence showing material harm; "it is not enough to show the mere passage of time nor to offer some suggestion of speculative harm." United States v. Anagnostou, 974 F.2d 939, 942 (7th Cir.1992), cert. denied, 113 S.Ct. 1943 (1993). Levine has made only conclusory and speculative allegations of harm caused by the government's delay and has failed to show actual and substantial prejudice.
 
 
 8
 Counsel's motion to withdraw is therefore GRANTED and Levine's appeal is DISMISSED.
 
 
 
 [1]
 Levine was sentenced by the district court in the Eastern District of Pennsylvania to eighteen months imprisonment to be followed by three years supervised release and ordered to pay $1,000,326.59 in restitution to his victims. (Sentencing Transcript, 6/13/89 at 90)
 
 
 [2]
 At the Philadelphia sentencing hearing, Levine was offered the opportunity to have one of the claims of a Chicago victim, Mr. Wojciechowski, included in the Pennsylvania restitution order. (Sentencing Transcript, 6/13/89 at 94). Levine's counsel declined the offer. Id. at 94-95