48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mario GOMEZ, Defendant-Appellant.
 No. 94-1872.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.
Decided March 6, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, defendant Mario Gomez entered a plea of guilty to the charges of conspiracy to distribute heroin, 21 U.S.C. Sec. 846, and carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. Sec. 924(c). Gomez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), believing any appeal to be frivolous. We notified Gomez of counsel's motion and his right to respond, Cir.R. 51(a), but he has not filed a response.
 
 
 2
 We recently upheld the conviction and sentence of Gomez's codefendant, Agustin Ortega, who, along with Jesus Villasenor, participated with Gomez in a heroin sale. United States v. Ortega, No. 94-1803 (7th Cir. Jan. 4, 1995).[1] In Ortega, our analysis focused on the evidence being insufficient to convict Ortega of possession of heroin, but sufficient to permit the jury to find him guilty beyond a reasonable doubt of aiding and abetting the possession of heroin. Of interest to us here is that Ortega's jury hung on the conspiracy charge, probably because there was "very little evidence" that Ortega was a member of the Gomez-Villasenor conspiracy. Ortega, slip op. at 4. Gomez's case presents no similar problems.
 
 
 3
 Gomez pled guilty to conspiracy to distribute heroin--possession was not an issue, and the facts fully established Gomez's participation in the conspiracy beyond a reasonable doubt.[2] The government's proffer at the plea hearing, consistent with the facts included in the written plea agreement, in the PSI report and in Gomez's admissions,[3] established that on November 30, 1993, an FBI undercover agent and a confidential informant met with Gomez and Villasenor to negotiate a heroin deal. Several days later, on December 2, 1993, Gomez, Ortega and Villasenor arrived at the agreed location, Gomez and Villasenor sat in a restaurant ironing out final negotiations with the undercover agent, and the agent then bought 918.22 grams of heroin.[4] Gomez participated in both the November 30 and December 2 negotiations and sale. No more is needed. Joining another seller in negotiating with the buyers, see United States v. Crowder, 36 F.3d 691 (7th Cir.1994), pet'n. for cert. filed, (U.S. Dec. 23, 1994), and arriving with the other sellers at the appointed location for the exchange of drugs and money, see United States v. Garcia, 45 F.3d 196, 199 (7th Cir.1995), may be used to establish participation in a conspiracy.
 
 
 4
 The fact that Gomez waited in a restaurant while Villasenor took the undercover agent to the van where Ortega waited with the heroin is of no consequence. It is not necessary to be present at the actual sale in order to be found guilty of conspiracy to sell drugs. United States v. Manzella, 791 F.2d 1263, 1265 (7th Cir.1986) ("It makes no difference that Manzella was not present at the sale").
 
 
 5
 In view of these facts, it would be frivolous on appeal to argue that the district court erred in accepting the factual basis for the guilty plea, see United States v. Garcia, 35 F.3d at 1132, or that defense counsel was ineffective,[5] see Strickland v. Washington, 466 U.S. 668 (1984), Malave, 22 F.3d at 147, for not objecting to the factual basis at the guilty plea hearing.
 
 
 6
 In the Anders brief, defense counsel thoroughly reviewed the district court's finding that Gomez was competent to understand the plea,[6] United States v. Montoya, 891 F.2d 1273, 1292 (7th Cir.1989), and the district court properly apprised Gomez of his rights pursuant to Fed.R.Crim.P. 11. We agree that no non-frivolous issues for appeal arise from the acceptance of the guilty plea. Defense counsel also reviewed the sentencing proceeding, and found no colorable issue for appeal, see Fed.R.Crim.P. 32. We agree. While counsel did fail to submit a written version of the facts to the PSI officer, it mattered little, since defense counsel was successful in having Gomez sentenced at the low end of the sentencing range of 78 to 97 months for conspiracy; was successful in obtaining a three level reduction for acceptance of responsibility, despite the probation officer's recommendation against such reduction; and was successful in setting the base offense level at 30 (applicable for under one kilogram of heroin), despite the government's argument that the offense level should be 32 (applicable for over one kilogram).[7]
 
 
 7
 Granting counsel's motion to dismiss without appointing new counsel is "proper in an Anders case only if the court is satisfied that the appeal is indeed frivolous." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993). Here, our careful review of the record and the Anders brief has satisfied us that any possible issues reflected in the record not only have no merit, but would be "groundless in light of legal principles and decisions." Eggen, 984 F.2d at 850, citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988).
 
 
 8
 Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 Ortega's appeal was originally consolidated with Gomez's appeal for purposes of briefing. We now enter an order vacating that consolidation
 
 
 [2]
 Proof of conspiracy requires the demonstration that a conspiracy existed and that defendant knowingly and intentionally joined in its criminal purpose and agreed with others to commit a crime. United States v. Cabello, 16 F.3d 179 (7th Cir.1994); United States v. Durrive, 902 F.2d 1221, 1228 (7th Cir.1990). The participatory link may be established through evidence that defendant knew of the conspiracy and that he intended to join and associate himself with its criminal design and purpose. United States v. Lechuga, 994 F.2d 346, 348 (7th Cir.1993) (en banc), cert. denied, 114 S.Ct. 482 (1993)
 
 
 [3]
 When deciding whether to accept a plea of guilty, the district court may consider defendant's knowingly presented admissions, United States v. LeDonne, 21 F.3d 1418, 1424 (7th Cir.1994), United States v. Montoya, 891 F.2d 1273, 1295 (7th Cir.1989), the government's oral proffer, United States v. Robinson, 14 F.3d 1200, 1206 (7th Cir.1994), and anything which appears in the record, United States v. Musa, 946 F.2d 1297, 1302 (7th Cir.1991)
 
 
 [4]
 When he was arrested immediately after the sale, Gomez was armed with a loaded semiautomatic weapon, and thus there is also no question about the underlying factual basis for he offense charged under 18 U.S.C. Sec. 924(c)
 
 
 [5]
 Regardless, normally a claim of ineffective assistance of counsel would be raised in a collateral proceeding, not in the direct appeal. United States v. Garcia, 35 F.3d at 1132-33
 
 
 [6]
 At the time, Gomez was 22 years old, had lived in the United States since the age of three months, and had completed tenth grade. He was very articulate throughout the lengthy colloquy between himself and the judge, and carefully asked questions to clarify statements by the judge
 
 
 [7]
 While Gomez and the codefendants negotiated with the FBI undercover agent for 37 ounces of heroin (1,048.95 grams--over one kilogram), they actually sold only 918.22 grams (less than one kilogram)