65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel A. KOSTH, Defendant-Appellant.
 No. 94-3679.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1995.
Decided Aug. 23, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Daniel Kosth participated in a credit card fraud scheme and was convicted of conspiracy to commit fraud by access device, in violation of 18 U.S.C. Secs. 371 and 1029(a)(1). He received a sentence of twelve months of imprisonment and three years of supervised release. His incarceration commenced on October 22, 1990. At a hearing held on November 4, 1994, Kosth admitted that he violated several terms of his supervised release, and the district court sentenced him to eight months of imprisonment. He appeals.
 
 
 2
 Kosth's attorney, Donovan S. Robertson, filed a motion to withdraw accompanied by a no-merit brief, arguing that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967). We will grant Robertson's motion only if the potential issues on appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993). The Court of Appeals must examine the entire record rather than limit its inquiry to the points raised in the no-merit brief. Anders, 386 U.S. at 744.
 
 
 3
 Robertson notes the potential argument that the revocation of Kosth's supervised release was untimely. Kosth was released from prison on October 20, 1991 and began serving his term of supervised release. On October 14, 1994, five days before the scheduled termination of his term, the government issued a summons charging Kosth with a number of violations of the conditions of his supervised release. The revocation hearing was held on November 4.
 
 
 4
 Kosth could potentially argue that the revocation of his supervised release was untimely because his term was scheduled to end on October 19, but the revocation hearing was not held until November 4. However, the summons was issued on October 14, and the revocation is timely as long as a warrant or summons is issued before the expiration of the supervised release term. 18 U.S.C. Sec. 3583(i).[1] Section 3583(i) states that the hearing may be delayed beyond the date that the supervised release term expires for any "reasonably necessary" period of time. In Kosth's case, the hearing was held barely two weeks after the expiration of his supervised release term. This delay was reasonable, and any appeal on the issue would be frivolous.
 
 
 5
 In addition, our independent review of the record does not reveal any other potential grounds for appeal. Kosth received a hearing, as required by Fed.R.Crim.P. 32.1(a)(2), where he admitted violating several terms of his supervised release, including the commission of new federal and state crimes (false statements and theft), failing to pay restitution, and incurring debts of over $250 without the approval of his probation officer. His eight month sentence falls within the guideline range for Grade B and C violations. See U.S.S.G. Sec. 7B1.4(a). Finally, Kosth did not respond to our notice under Circuit Rule 51(a) or provide the court with any additional grounds for a possible appeal. Thus, we are satisfied that any appeal from the revocation of Kosth's supervised release would be frivolous. Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 Section 3583(i) states: "Delayed Revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."