77 F.3d 485
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry L. MOSS, Defendant-Appellant.
 No. 94-3429.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.
Decided Feb. 14, 1996.
 ORDER
 
 1
 In March 1994, a federal grand jury charged Henry Moss in a four-count indictment with conspiring to distribute cocaine base and distributing cocaine base in Cairo, Illinois from 1989 to early 1993. 21 U.S.C. §§ 841(a)(1) and 846. The original four-count indictment was superseded by a five-count indictment, which added a charge of distributing cocaine base on August 5, 1992. Moss was convicted on all five counts and sentenced to 252 months' imprisonment. A timely notice of appeal was filed, and new counsel was appointed.[1] Moss' counsel now seeks to withdraw because she considers an appeal without merit or possibility of success. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Under Circuit Rule 51(a), we notified Moss of his attorney's motion, and Moss did not respond. Because we are satisfied that counsel engaged in a thorough search of the record and because we find that there are no nonfrivolous issues for appeal, we grant counsel's motion to withdraw, and dismiss the appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988); United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 2
 We will grant an Anders motion only when we are satisfied that counsel has conscientiously examined the case, United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994) (citing Anders, 386 U.S. at 744), and that the potential issues on appeal are groundless in light of legal principles and rulings. Id. (citing Eggen, 984 F.2d at 850).
 
 
 3
 The record fails to reveal any errors in the trial proceedings. At trial, Moss' customers and distributors testified that Moss distributed cocaine base in Cairo, Illinois from 1989 through April 1993. One collaborator with Moss testified that he recalled about fifteen occasions on which Moss bought cocaine base in quantities ranging from 1.5 ounces to six or seven ounces from him or his friends. (Test. of Brian Tucker, Tr. at 56). Another buyer testified that on two or three occasions he allowed Moss to use his apartment to cut up rock cocaine. (Test. of John Seigart, Tr. at 208.) Four other men testified that they sold cocaine base for Moss. (Test. of Bruce Ramsey, Tr. at 218-26; Test. of Demetrius Matthews, Tr. at 303-305; Test. of Vernon Trenton, Tr. at 347-49; and Test. of Charles Purdiman, Tr. at 372-74.) Six of Moss' customers also testified that they regularly purchased cocaine base from Moss. (Test. of Judy Davis, Tr. at 8-10; Test. of Alfred Williams, Tr. at 140-42; Test. of JoAngelic Wilson, Tr. at 165-67; Test. of Michelle Foster, Tr. at 185-86; Test. of Alonzo McClearly, Tr. at 256; and Test. of Shelly Tucker, Tr. at 290-292.) This evidence is more than sufficient to uphold the jury's verdict on each count of the superseding indictment.
 
 
 4
 Moreover, Moss' sentencing hearing does not raise an arguable basis for appeal. The transcript of the sentencing hearing shows that Moss was given the procedural protections provided in Federal Rule of Criminal Procedure 32. Defense counsel received the presentence report before the hearing and was given an opportunity to comment upon that report. The court addressed Moss personally and determined that he had the opportunity to read and discuss the report with his attorney. The court considered the objections filed by Moss' attorney, and then agreed to sentence Moss based on his involvement in the distribution of 500 grams to 1.5 kilograms of cocaine base, instead of the 1.5 to 5 kilograms estimated in the presentence report. The court also allowed Moss to make a statement regarding his sentence, and ensured that Moss was aware of his right to appeal the sentence.
 
 
 5
 Further, our independent review of Moss' sentencing confirms that the district court properly applied the sentencing guidelines. Since more than 500 grams of cocaine base were attributed to Moss, the court set his base offense level under U.S.S.G. § 2D1.1(c) at 36 points. The court also imposed a two-level adjustment for obstruction of justice because Moss threatened one witness and destroyed documents which were material to an official investigation. With a total offense level of 38 and a criminal history category of 1, the applicable guidelines range for Moss' offenses was 235 to 293 months' imprisonment. The district court sentenced Moss to a term of 252 months' imprisonment on Count 1, and a term of 240 months on each of Counts 2, 3, 4, and 5 to be served concurrently. We conclude that the district court correctly applied the guidelines to Johnson's case. Finally, we lack jurisdiction to review any challenges to the district court's decision to sentence Johnson at a particular point within a correctly calculated guidelines range. United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 6
 Our careful examination of the record discloses no apparent trial errors, such as objections that should have been sustained or instructions that should have been given. Moreover, the evidence was overwhelming, and the sentence was within the guidelines range. Moss has no non-frivolous arguments to raise on appeal. We therefore GRANT counsel's motion to withdraw from this appeal, and DISMISS the appeal as frivolous.
 
 
 
 [1]
 Moss' was initially represented on this appeal by R. Greg Bailey. Bailey was allowed to withdraw, and H. Elizabeth Kelley was subsequently appointed to represent Moss