78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randolph FREEMAN, Defendant-Appellant.
 No. 95-2796.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.
Decided Feb. 28, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Randolph Freeman's attorney filed a motion to withdraw as counsel accompanied by a no-merit brief filed pursuant to Anders v. California, 386 U.S. 738 (1967).[1] Freeman pleaded guilty to possession of a firearm by a felon, distribution of cocaine base, and two counts of possession of cocaine base with the intent to distribute. The district court imposed a sentence of 120 months of imprisonment, to be followed by eight years of supervised release. Counsel believes that any appeal from Freeman's conviction and sentence would be frivolous.
 
 
 2
 A criminal defendant is entitled to the assistance of counsel on direct appeal to this court unless an appeal would be "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993). We must appoint counsel if the record reveals that Freeman can raise any "arguable" legal claims. Penson v. Ohio, 488 U.S. 75, 83 (1988). The Court of Appeals must examine the entire record rather than limit its inquiry to the points raised in the no-merit brief. Anders, 386 U.S. at 744.
 
 
 3
 When the district court accepted Freeman's guilty plea, it engaged in a thorough colloquy to determine that the plea was voluntary, that Freeman understood the terms of the plea agreement, that he was aware of the potential sentences that he faced, and that the plea was supported by a factual basis. We find no grounds for an appeal based on any potential violation of Rule 11 of the Federal Rules of Criminal Procedure. In addition, Freeman does not have any potential grounds for appealing his sentence. The evidence presented at sentencing revealed that Freeman was involved with 28.7 grams of crack cocaine. Because Freeman had a prior conviction for a felony drug offense, the district court was required to impose a statutory minimum sentence of ten years (120 months). 21 U.S.C. § 841(b)(1)(B).
 
 
 4
 Freeman received the minimum sentence allowable under § 841(b), and no possible grounds for departure from the statutory minimum are evident from the record. The district court may depart from a statutory minimum sentence for two reasons only: (1) if the government makes a motion for a departure based on the defendant's substantial assistance; or (2) if the defendant qualifies for relief from the statutory minimum under 18 U.S.C. § 3553(f), which applies to "first-time, non-violent drug offenders who were not organizers of criminal activity and who have made a good-faith effort to cooperate with the government." United States v. Arrington, 73 F.3d 144, 147 (7th Cir.1996). The government did not make a substantial assistance motion, and Freeman is not a first-time offender who would qualify for relief under § 3553(f). Thus, any argument that he should have received a sentence below the ten-year statutory minimum would be frivolous.
 
 
 5
 We find no non-frivolous issues on which Freeman could potentially base an appeal. Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 We notified Freeman that an Anders brief had been filed, see Circuit Rule 51(a), and Freeman has not filed a response