78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cortez L. TRAVIS, also known as Corey Lamont Tucker and
Calvin L. Tipmond, Defendant-Appellant.
 No. 95-1668.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.
Decided Feb. 28, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Defendant Cortez Travis pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and was sentenced to 102 months' imprisonment. Travis' court-appointed counsel, assistant federal public defender Renee R. Schooley, filed a notice of appeal, but now seeks to withdraw because she considers an appeal without merit or possibility of success. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). In her Anders brief, counsel asserts that the only challenge which Travis could conceivably raise on appeal concerns the district court's decision to sentence Travis to the high end of his guideline range. Under Circuit Rule 51(a), we notified Travis of his attorney's motion, and Travis did not respond. Because we are satisfied that counsel engaged in a thorough search of the record and because we find that there are no nonfrivolous issues for appeal, we grant counsel's motion to withdraw, and dismiss the appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988), United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 BACKGROUND
 
 2
 On September 1, 1994, Travis was identified by law enforcement personnel on routine patrol as a passenger among a group of people who were in a pickup trick, armed with firearms and threatening others. As the law enforcement agents pursued the pickup truck, Travis and others threw five firearms from the truck. Travis was later arrested. At the time, Travis had prior felony convictions of armed robbery and unlawful possession of a controlled substance with intent to deliver.
 
 
 3
 In September 1994, a federal grand jury returned an indictment charging Travis with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g). In November 1994, Travis pled guilty to the charge in the indictment. In exchange for Travis' guilty plea, the government agreed that Travis would have an initial base offense level of 26, U.S.S.G. §§ 2K2.1(a) and 2K2(b)(1)(B), but would be entitled to a three-point reduction for acceptance of responsibility, U.S.S.G. §§ 3E1.1(a) and (b)(2), resulting in a total offense level of 23. The court subsequently conducted a Rule 11 colloquy, accepted Travis' guilty plea, and ordered the preparation of a presentence investigation report.
 
 
 4
 At Travis' sentencing hearing in February 1995, the district court found that Travis had reviewed the presentence report with his attorney and had no objections. The court then determined the applicable offense level in the case to be 23, with a criminal history of V, producing a sentencing guideline range of 84 to 105 months. The court sentenced Travis to 102 months in prison and two years of supervised release.
 
 DISCUSSION
 
 5
 We will grant an Anders motion only when we are satisfied that counsel has conscientiously examined the case, United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994) (citing Anders, 386 U.S. at 744), and that the potential issues on appeal are groundless in light of legal principles and rulings. Id. (citing Eggen, 984 F.2d at 850).
 
 
 6
 The only potential issue raised by counsel in her Anders brief is whether the district court abused its discretion in sentencing Travis to the high end of his guideline range. This argument would be frivolous. Review of a sentence imposed under the guidelines is limited to cases where the sentence is (1) in violation of the law, (2) a result of an incorrect application of the guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) plainly unreasonable and imposed for an offense for which there is no guideline. 18 U.S.C. § 3742(a)(1)-(4). Travis' sentence falls within none of these categories. "Absent an error of law or misapplication of the guidelines, this court lacks jurisdiction to review the sentences within the appropriate guidelines range." United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991). We have reviewed the district court's application of the guidelines, and we find no error.
 
 
 7
 Our independent review of the plea hearing transcript reveals that the district court followed the procedures outlined in Federal Rule of Criminal Procedure 11 to ensure that Travis' guilty plea was knowingly and voluntarily given. The court determined that Travis understood the nature of the charges brought against him, the factual basis for the plea, the mandatory minimum and maximum sentences which could be imposed, and the constitutional rights that would be waived by pleading guilty. Furthermore, Travis stated that he was not threatened or coerced into pleading guilty. There is no potentially meritorious issue for appeal arising out of Travis' guilty plea hearing.
 
 
 8
 Finally, Travis' sentencing does not raise an arguable basis for appeal. The transcript of the sentencing hearing shows that Travis was given the procedural protections provided in Federal Rule of Criminal Procedure 32. Defense counsel received the presentence report before the hearing and was given an opportunity to comment upon that report. The court addressed Travis personally and determined that he had the opportunity to read and discuss the report with his attorney. The court also allowed Travis to make a statement in relation to his sentence, and ensured that Travis was aware of his right to appeal the sentence. We find no possible meritorious issue for appeal concerning Travis' sentencing.
 
 CONCLUSION
 
 9
 Based on our review of the record, we hold that there is no other basis upon which Travis may challenge his conviction or his sentence. We therefore GRANT counsel's motion to withdraw from this appeal, and DISMISS the appeal as frivolous.