81 F.3d 164
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roosevelt MATTHEWS, Defendant-Appellant.
 No. 95-1473.
 United States Court of Appeals, Seventh Circuit.
 March 27, 1996.
 
 1
 Before FLAUM, Circuit Judge EASTERBROOK, Circuit Judge ROVNER, Circuit Judge
 
 ORDER
 
 2
 A jury found Roosevelt Matthews guilty of one count of possession of an illegal firearm, 26 U.S.C. §§ 5861(c) and 5871, one count of possession of an unregistered firearm, 26 U.S.C. §§ 5864(d) and 5871, and one count of possession of a firearm by a convicted felon. 18 U.S.C. §§ 922(g) and 924. The district court sentenced him to 50 concurrent months of imprisonment on each count and a term of 3 years supervised release, and imposed a special assessment of $150. Matthews' counsel, finding no non-frivolous grounds to appeal, seeks permission to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). We notified Matthews of his right to respond to his counsel's motion, Cir.R. 51(a), which he did not exercise. After reviewing the record, we grant counsel's motion and dismiss Matthews' appeal.
 
 
 3
 On July 17, 1993, Vaughn Grace told police officers at the Cairo, Illinois, police station that he had been robbed by someone driving an old tan Chevrolet. He allegedly followed the robber to an apartment complex and saw the robber enter one of the apartments. He then led the police to the apartment and pointed out the Chevrolet. A computer check on the license plate revealed that the car was registered to Roosevelt Matthews. Shortly thereafter, Matthews stepped out of the apartment and Grace identified him as his attacker. The officers arrested Matthews and seized his automobile because it was an instrumentality of the alleged robbery and might contain evidence relating to the robbery. At the police station, the officers questioned in more detail both Grace and Matthews. As the interviews progressed, the officers came to doubt Grace's version of the robbery and eventually concluded that Grace was lying about several important details. They decided to release Matthews and told him that he could have his car as soon as the officers finished a routine inventory of its contents.
 
 
 4
 Matthews then informed Officer Connie Martin that there was a sawed-off shotgun in his trunk that he had discovered the day before in an empty lot across from his house. He told her that he took the gun to prevent children from finding it and intended to give it to his nephew, a police officer. Officer Martin informed Sgt. James McKenna, the supervising officer, about the gun. The gun was recovered and Matthews subsequently was indicted on five counts of modifying and possessing unlawful firearms.
 
 
 5
 The district court granted a motion by Matthews to suppress the gun as illegally seized evidence but we reversed that decision in a published opinion. See United States v. Matthews, 32 F.3d 294 (7th Cir.1994). At trial, Matthews relied on an "innocent possession" defense, claiming that he possessed the gun with the intent to hand it over to the police in order to prevent children from finding it. He testified on his own behalf. The jury, however, disbelieved him and found him guilty on the three counts relating to the sawed-off shotgun.
 
 
 6
 We will grant an Anders motion only when we are satisfied that counsel has conscientiously examined the case, United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994) (citing Anders, 386 U.S. at 744), and that the potential issues on appeal are groundless in light of legal principles and rulings. Id. (citing United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993)).
 
 
 7
 Matthews' counsel identifies as one possible issue for appeal the sufficiency of the evidence in light of Matthews' innocent possession defense. We review the evidence in the light most favorable to the government, and will uphold the conviction if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. United States v. Booker, 73 F.3d 706, 708 (7th Cir.1996). Ten witnesses for the government testified that Matthews informed the police that there was a firearm in his trunk, that the firearm and shells had been found in his trunk, that the barrel of the firearm had been shortened, that the barrel of the shotgun and a hacksaw had been found inside a toolbox in the trunk, that the firearm had not been registered with the National Firearms Registration Transfer Record, and that the gun had traveled in interstate commerce. Matthews did not present evidence that he possessed the weapon to prevent an imminent threat of more serious harm, see United States v. Elder, 16 F.3d 733, 738 (7th Cir.1994), or in self-defense. See United States v. Talbott, No. 95-2503, slip op. (7th Cir. Mar. 8, 1996). Matthews argued only that he possessed the firearm "innocently," but the jury did not believe him. The district court permitted Matthews to testify that he possessed the firearm innocently and to admit photographs of the junkyard where Matthews allegedly found the firearm. However, the jury was free to discredit this evidence and believe instead the government's evidence. See United States v. Hickok, slip op., No. 95-1619, 1996 WL 84252 at * 12 (7th Cir. Feb. 28, 1996). We will not re-weigh the jury's credibility assessment. Booker, 73 F.3d at 708. Because the evidence at trial did not establish that Matthews did not possess the weapon innocently, this appeal would not require us to consider the legal viability of an "innocent possession" defense.
 
 
 8
 Matthews' counsel suggests that another possible issue to appeal is whether Matthews' sentence was excessive. Matthews had a prior felony conviction for a controlled substance offense, giving him a base offense level of 22. U.S.S.G. § 2K2.1(a)(3). He also had one prior sentence of imprisonment of at least 60 days, giving him a criminal history category of II. U.S.S.G. § 4A1.1(b). This score translates into a sentencing range of 46 to 57 months imprisonment. Matthews was sentenced within this range.
 
 
 9
 Because our independent review of the record reveals no meritorious issue to appeal, we GRANT counsel's motion to withdraw and DISMISS Matthews' appeal.