105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ivory BRYANT, Defendant-Appellant.
 No. 96-1096.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1996.
Decided Dec. 9, 1996.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Ivory Bryant accepted a plea agreement and was convicted on his plea of one count of conspiracy to distribute a controlled substance, 21 U.S.C. § 846, and one count of money laundering, 18 U.S.C. § 1956(a)(1)(B)(I). After sentencing, he appealed. On appeal, counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Bryant was notified of counsel's actions and given an opportunity to respond, Cir.R. 51(a). Although Bryant has not done so, counsel submits in his brief that he has consulted with Bryant, and he discusses the issues Bryant wishes to appeal. Because after reviewing the entire record we are convinced that the possible issues for appeal are "groundless in light of legal principles and decision," United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)), we grant the motion to withdraw and dismiss the appeal.
 
 
 2
 Bryant's offense level was set at 33 and his criminal history category at I with no objections, and his plea agreement provided that he could be subject to imprisonment for a minimum of ten years and a maximum of life, though upon his cooperation the government would recommend a maximum sentence of five years. The plea agreement also detailed what Bryant could expect regarding supervised release and the mandatory special assessment, and the court explicitly told Bryant the agreement made no provision regarding fines. After evaluating Bryant's substantial cooperation with the government, the district court granted the government's motion for a downward departure and sentenced Bryant to sixty months imprisonment on each count, to be served concurrently, five years supervised release, a $2,500 fine on each count for a total of $5,000, and a $100 special assessment. Bryant's sentencing hearing was in full compliance with Federal Rule of Criminal Procedure 32.
 
 
 3
 On appeal, Bryant's counsel specifically states that Bryant does not wish to withdraw his guilty plea (thus, we need not review whether the plea hearing complied with Federal Rule of Criminal Procedure 11). This court has stated, however, that we have no jurisdiction to entertain an appeal where the defendant wishes to retain the plea agreement but appeal the enforcement of its provisions. United States v. Barnes, 83 F.3d 934, 941 (7th Cir.), cert. denied, 117 S.Ct. 156 (1996). Although Bryant would have liked the district court to make a further downward departure, his sixty-month sentence was exactly what he bargained for. Consequently, his decision not to challenge the validity of his plea agreement deprives this court of jurisdiction over Bryant's challenge to his imprisonment. Additionally, we note that we have no jurisdiction to review the district court's refusal to make a further downward departure. United States v. Rios-Calderon, 80 F.3d 194, 198 (7th Cir.1996). The claim is frivolous.
 
 
 4
 Moreover, by voluntarily pleading guilty Bryant has waived "all non-jurisdictional defenses including constitutional violations not logically inconsistent with the valid establishment of factual guilt." United States v. Nash, 29 F.3d 1195, 1201 (7th Cir.1994). Consequently, Bryant's potential double jeopardy argument (based on the civil forfeiture of several of Bryant's vehicles) is also waived, United States v. Broce, 488 U.S. 563, 569 (1989), as well as frivolous under United States v. Ursery, 116 S.Ct. 2135, 2149 (1996). Additionally, his potential Excessive Fines claim is frivolous given the amounts of the statutorily-established fines applicable to Bryant's offenses (over $4,000,000) as well as the extent of the criminal activities to which he pleaded guilty.
 
 
 5
 Finally, Bryant wishes to argue that he was deprived of the effective assistance of counsel in violation of the Sixth Amendment. Bryant has new counsel on appeal, but there is no indication from the trial record (to which we must restrict our review on direct appeal) that counsel's performance "fell below an objective standard of reasonableness" and outside "the wide range of professionally competent assistance," or that Bryant was prejudiced by that performance as required by Strickland v. Washington, 466 U.S. 668, 688-89 (1984).[1] Should Bryant choose to rely upon extrinsic evidence to challenge his counsel's performance, he would have to bring a motion under 28 U.S.C. § 2255. See Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993).
 
 
 6
 Motion GRANTED and appeal DISMISSED.
 
 
 
 [1]
 Rather just the opposite, considering that Bryant received a beneficial plea agreement, that the court adopted Bryant's position on all objections to the presentence report, decreasing Bryant's offense level by five points and his criminal history category from II to I, and that the court granted Bryant a substantial downward departure