105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sheila M. DICKERSON, Defendant-Appellant.
 No. 96-3111.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1996.
Decided Dec. 19, 1996.
Rehearing Denied Jan. 27, 1997.
 
 Before BAUER, FLAUM, RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Sheila Dickerson pleaded guilty to and was convicted of one count of distributing a controlled substance (crack) in violation of 21 U.S.C. § 841(a)(1). After she was sentenced to seventy months imprisonment, five years supervised release, $2,070.00 in restitution, and the mandatory $50 special assessment, Dickerson appealed. Her appellate counsel has filed a motion to withdraw and a brief as required by Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51(a), Dickerson was notified of the filing of the Anders brief and given an opportunity to respond. She has not done so. We will grant the motion to withdraw if the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)).
 
 
 2
 In Dickerson's plea agreement, she specifically waived her right to appeal as long as her sentence fell into the range specified by offense level 27 and criminal history category I, which is between seventy and eighty-seven months imprisonment. She received seventy months imprisonment. We have reviewed the transcript of the change of plea hearing and find no basis upon which Dickerson may seek to withdraw her guilty plea, nor has she requested to do so. A competent defendant has the right to waive her constitutional rights, including the right to appeal. United States v. Wenger, 58 F.3d 280, 282-83 (7th Cir.), cert. denied, 116 S.Ct. 349 (1995); see also United States v. Ogden, No. 96-2754, slip op. at 4 (7th Cir. Dec. 16, 1996). After being properly advised by the court Dickerson expressly waived that right, and consequently the motion to withdraw is GRANTED and the appeal is DISMISSED.