**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gilbert A. HOWARD, Jr., Defendant–Appellant.**

**No. 97–2328.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 26, 1998.

Decided April 9, 1998.

**960**

Thomas P. Schneider (submitted on brief), Office of the United States Attorney, Milwaukee, WI, for Plaintiff-Appellee.

Michael J. Edmonds, Eggert & Edmonds, Milwaukee, WI, Gilbert A. Howard, Jr., Milan, MI, for Defendant-Appellant.

Before POSNER, Chief Judge, and CUMMINGS and RIPPLE, Circuit Judges.

PER CURIAM.

■Before us is the motion of the defendant's counsel to withdraw from his representation of the defendant in this court on the ground that there are no nonfrivolous grounds for an appeal from the defendant's conviction and sentence. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief in support of the motion is adequate, but we write to address the novel issue of whether an Anders motion can ever be made and granted when there is a ground for appeal that is not barred by dispositive caselaw, clear statutory language, or any other clear legal bar to the ground, but instead involves the application of law to fact. In this case, the ground is whether a photo array was misleading.

The defendant was convicted of robbing a bank. Two witnesses who had seen the robber in his car after the robbery from a distance of fifteen and seven feet respectively identified the defendant in court as the robber. The robbery took place in daytime, and these witnesses were able to give the police accurate descriptions of both the robber and the car. They had identified the defendant before trial from a photo array, and an expert witness called by the defense (a psychologist) testified that although he was "struck by how fair" the photo array was because the people in it looked so much alike (he said, "in many respects I think it's almost exemplary in terms of lineups"), the defendant's picture looked more like a mug shot than the other pictures in the array. (We have appended the array to this opinion; the defendant is number 5 in the array.) The identification evidence of these two witnesses did not stand alone; there was a great deal of additional evidence of the defendant's guilt.

■ In these circumstances, an argument that the photo array was so suggestive as to require a reversal of the defendant's conviction would be frivolous. Granted, the circumstances—the particular array, and the evidence in the case—are unique to this case, and therefore no case can be cited (or at least we have found none) that bars the appeal as a matter of law. But bearing in mind the deference that the court of appeals owes to the district court in regard to so fact-intensive an issue as the suggestiveness of a photo array given all the circumstances of the case, we cannot imagine that a challenge to the array in this case would succeed on appeal, and no more is required to pronounce the appeal frivolous and thus allow the defendant's lawyer to withdraw. The expert's testimony, being equivocal, does not constitute substantial evidence of suggestiveness that might justify a reversal, especially when the witnesses had such a good opportunity to see the defendant in broad daylight—the accuracy of their identification being further attested by the accuracy of their descriptions of the robber (that is, the defendant) and his car.

■ Our point is not that the defendant's appeal on the basis of a challenge to the array is predictably a loser. It is, but that is not the criterion. *Penson v. Ohio,* 488 U.S. 75, 86, 109 S.Ct. 346, 353, 102 L.Ed.2d 300 (1988). The point is that a responsible lawyer would not advise this defendant to base an appeal on a challenge to the array. There

is no basis for such a challenge, the expert's "mug shot" comment being canceled by his characterization of the array as on the whole fair and even exemplary. Granted we are dealing with differences of degree rather than of kind in any case in which eyewitness identification is questioned; but at some point the ground on which to question the identification is so meager as fairly to be described as frivolous. A frivolous appeal is merely one that is groundless, *United States v. Eggen,* 984 F.2d 848, 850 (7th Cir.1993), and frivolous arguments are merely "arguments that cannot conceivably persuade the court." *United States v. Edwards,* 777 F.2d 364, 365 (7th Cir.1985) (per curiam). That is an apt description of the arguments pressed in this case (of which the only conceivably colorable argument is the challenge to the array). The motion to withdraw is therefore Granted and the appeal Dismissed.

## APPENDIX