108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary PORTEE, Defendant-Appellant.
 No. 96-3204.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1997.
Decided March 18, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 A jury found Gary Portee guilty of armed robbery of a savings and loan in violation of 18 U.S.C. § 2113(d). The district court then found that Portee suffered a mental illness needing treatment in a suitable facility pursuant to 18 U.S.C. § 4244(d)[1] and provisionally sentenced him to 300 months. Approximately six years later, the Warden of the United States Medical Center for Federal Prisoners certified that Portee was no longer in need of care pursuant 18 U.S.C. § 4244(e). Consequently, the district court proceeded to the final sentencing. The district court sentenced Portee to 300 months incarceration with five years supervised release. Portee received credit against the sentence for the time spent during his commitment.
 
 
 2
 Portee appeals. His attorney now seeks to withdraw because he considers an appeal without merit or possibility of success. See Anders v. California, 386 U.S. 738, 744 (1967). Pursuant to Circuit Rule 51(a). Portee was notified of his counsel's actions and was given an opportunity to respond, which he has not done. We grant motions to withdraw if the possible issues for appeal are "groundless in light of the legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)). Because we are satisfied that counsel engaged in a thorough search of the record and because we find that there are no nonfrivolous issues, we grant counsel's motion to withdraw and dismiss the appeal. See United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996).
 
 
 3
 At trial, various witnesses identified Portee as the perpetrator of the bank robbery and gave the following testimony. In September 1989, Portee approached a teller at the Champion Federal Savings & Loan in Springfield, Illinois. Holding a serrated knife, he took approximately $3,600 from her. Other bank employees witnessed the holdup, as well. Testimony also reveals that later that day a witness described that she saw Portee in a local bar carrying a shoe bag containing "quite a bit of money." Another witness recalled selling a pair of shoes that same day to an individual who identified himself as Gary Portee. The witness recalled that Portee asked for the shoe bag first, then pulled out "a wad of money" from his pocket and put it in the shoe bag. This witness identified Portee in court. Portee's roommate also testified that on that same day of the robbery, Portee showed him the money stating that he got it from the savings and loan. Two days after the robbery, Portee was arrested by an FBI agent. Portee told the agent that he had robbed the savings and loan on impulse because he needed the money. Another FBI agent also testified regarding a video tape of the robbery, which was played at trial. The jury returned a guilty verdict on the two robbery counts.
 
 
 4
 Portee was then sentenced to 300 months of imprisonment to a suitable facility for care and treatment under 18 U.S.C. § 4244(d). Approximately six years later, the Warden for the United States Medical Center for Federal Prisoners certified that Portee was no longer in need of care at the Medical Center. See U.S.C. § 4244(e). The final sentencing was held on September 3, 1996. The government objected to the two-level reduction based on acceptance of responsibility under U.S.S.G. § 3E1.1(a). The district court noted that this issue was not determined at the first sentencing hearing in 1990 and then denied the reduction pursuant to U.S.S.G. § 3E1.1. The court also denied Portee's motion for a downward departure under U.S.S.G. § 5K2.13, diminished capacity. Thus, the district court set Portee's offense level at 34 and his Criminal History Category at VI, resulting in a sentencing range of 262 to 327 months imprisonment. The district court sentenced Portee to the statutory maximum term of imprisonment of 300 months.
 
 
 5
 Recently, this court clarified the scope of our review for evaluating Anders briefs:
 
 
 6
 [I]f the brief explains the nature of the case and fully and intelligently discusses the issues that the type of case might be expected to involve, we shall not conduct an independent top-to-bottom review of the record in the district court to determine whether a more resourceful or ingenious lawyer might have found additional issues that may not be frivolous.
 
 
 7
 Wagner, 103 F.3d at 553. If an Anders brief "shows that counsel has taken seriously his responsibility to search the record diligently for arguable grounds of appeal and advise the court of them, the court's duty is merely to determine whether counsel is correct in believing those grounds frivolous." Id. (citing McCoy v. Court of Appeals, 486 U.S. 429, 442 (1988)).
 
 
 8
 Counsel's first potential issue for appeal relates to the sufficiency of the evidence upon which Portee's conviction was based. In reviewing the sufficiency of the evidence underlying a conviction, we consider the evidence in a light favorable to the government. Jackson v. Virginia, 443 U.S. 307, 319 (1979). We reverse a jury verdict only when the record is lacking of any evidence, regardless of how it is weighed, from which a jury could find guilt beyond a reasonable doubt. United States v. Garcia, 35 F.3d 1125, 1128 (7th Cir.1994).
 
 
 9
 Here, the jury heard the testimony of the various witnesses and considered all of the evidence submitted by the government. Witnesses identified Portee as the perpetrator of the robbery. The bank teller identified Portee, stating that he took approximately $3,600 from the savings and loan while wielding a serrated knife. Another witness saw Portee with a shoe bag full of money. A shoe salesman testified that Portee put a "wad of money" in a shoe bag. Portee's roommate testified that Portee showed him the money, admitting that he got it from the savings and loan. We conclude that a rational jury would have determined that this evidence ties Portee to the robbery.
 
 
 10
 Counsel's next potential argument is that the district court erred in rejecting the probation officer's recommendation in the Presentence Investigation Report that Portee receive a two-point downward adjustment for acceptance of responsibility. See U.S.S.G. § 3E1.1. Whether the defendant accepts responsibility is a question of fact for the district court to resolve; therefore, we give great deference to court's determination and review only for clear error. United States v. Dawson, 52 F.3d 631, 632-33 (7th Cir.1995).
 
 
 11
 The only admission Portee made was that he robbed the bank on impulse because he needed the money. He later recanted this admission. At no other time did Portee admit that he committed the offense, nor is there any indication that he showed remorse for his actions. Citing to U.S.S.G. § 3E1.1, App. Note 2, the district court found that Portee did not present an insanity defense, nor otherwise assert or preserve an issue that did not relate to his factual guilt. In addition, the district court concluded that Portee contested his factual guilt at trial. Thus, the court concluded that Portee's case was not one of those rare situations where a defendant goes to trial, yet is still entitled a reduction for acceptance of responsibility. See U.S.S.G. § 3E.1.1, App. Note 2. After reviewing the record, we cannot say that the district court clearly erred in finding that Portee did not accept responsibility for the robbery, especially in light of the fact that Portee went to trial and did not express remorse or guilt at any of the proceedings.
 
 
 12
 Third, counsel asserts that there is a potential issue involving a possible downward departure at sentencing pursuant to the diminished capacity provision of the guidelines, U.S.S.G. § 5K2.13. Our review of a sentence imposed under the guidelines, however, is limited to cases where the sentence is: (1) in violation of the law; (2) a result of the incorrect application of the guidelines; (3) greater than the sentenced specified in the applicable guideline range; or (4) plainly unreasonable and imposed for an offense for which there is no guideline. 18 U.S.C. § 3742(a)(1)-(4); United States v. Prevatte, 66 F.3d 840, 843 (7th Cir.1995). Due to this statutory scheme, we lack jurisdiction to review the district court's discretionary refusal to depart downward. See Prevatte, 66 F.3d at 843; see also United States v. Jones, 18 F.3d 1145, 1148 (4th Cir.1994). Even if we were able to review the merits, a downward departure is not warranted because Portee's robbery conviction does not qualify as a non-violent offense, which is a prerequisite for application of § 5K2.13.
 
 
 13
 The last potential issue raised by counsel is whether the district court erred in sentencing Portee to the statutory maximum of 300 months and five years supervised release. Because Portee's sentence falls within the applicable sentencing range of 262 to 327 months, we lack jurisdiction to review any challenge to the district court's sentencing determination. See United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991) ("Absent an error of law or misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guidelines range.").
 
 
 14
 For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 The Insanity Defense Reform Act developed the new § 4244, which relates to the convicted defendant's mental condition at sentencing and thus whether the defendant should be committed in lieu of imprisonment. See 18 U.S.C. § 4244